## STODDARD V. FORBES *et al.*

1. MORTGAGE REDEMPTION. There is no redemption of mortgaged property after sale in foreclosure; and in a decree of foreclosure no particular words cutting off the equity of redemption are necessary.

2. REDEMPTION FROM JUDICIAL SALE. A judgment debtor has the right to redeem property sold under execution, in all cases, except in the foreclosure of mortgages; and such right may be exercised by an assignee of such debtor to the same extent that it could be by the assignor.

3. RECEIVING REDEMPTION MONEY. While neither a mortgagor nor his assignee has the right to redeem mortgaged premises after sale in foreclosure, if the mortgagee or purchaser accepts money tendered for the purpose of redeeming, and executes a receipt therefor, specifying that it is for that purpose, he will be estopped from denying such right.

4. SAME: EFFECT OF REDEMPTION. A redemption of mortgaged premises after sale in foreclosure has the effect to restore the parties to the position which they occupied before the sale; the amount paid for the redemption being paid on the mortgage debt, and the mortgaged property remaining liable for any balance of such debt remaining unpaid.

*Appeal from Louisa District Court.*

FRIDAY, JUNE 6.

THE facts are stated in the opinion of the court.

*Richman & Bro.* for the appellant, cited 1 Hill. Mort.,

468; 2 Id., 165, note; *Berger* v. *Hister*, 6 Whart., 210; *Kimmel* v. *Williard*, 7 Doug., 217.

*Bird & Sprague* for the appellee.

BALDWIN, C. J.—The respondent, Drusilla Forbes, executed to the complainant her three promissory notes, payable in one, two and three years. To secure the payment of said notes at maturity, she executed a mortgage upon certain real estate. The first note was paid when it became due. The second being unpaid, the complainant brought his action, and obtained a decree of foreclosure, and all the lands described in the mortgage were sold by the sheriff under this decree, in satisfaction of the amount due on the second note. The property sold was purchased by the complainant, and a sheriff's deed made and delivered to the purchaser, in pursuance of the terms of the sale.

Subsequent to the sale, and delivery of the sheriff's deed to complainant, the respondents, Isett & Brewster, purchased the right, title and interest of the said Forbes in the premises thus mortgaged and sold, and received a deed therefor. Upon the day of the purchase from Mrs. Forbes, it being within one year after the sale by the sheriff, Isett & Brewster deposited with the clerk of the District Court of said county, a sufficient sum of money, for the purpose of redeeming the said lands sold by the sheriff, under the foreclosure. The complainant accepted of the money thus deposited with the clerk, and receipted upon the judgment docket therefor, in full redemption of the lands sold under the decree of foreclosure. The third note afterwards falling due, the complainant filed this petition, praying for a judgment thereon, and a foreclosure of the same mortgaged premises, making the respondents, Isett & Brewster, parties for the purpose of cutting off all their equities, &c. To this petition the respondents each plead the former foreclosure,

in bar of the present proceedings. To these answers a demurrer being filed and sustained, a decree of foreclosure was entered as prayed for. Respondents appeal.

It is claimed that the respondents' equity of redemption was not cut off by the first decree, as the court did not, in direct terms, in the decree so declare. It is therefore claimed that when Isett & Brewster purchased the interest of the respondent, Forbes, in the mortgaged premises, Mrs. Forbes still possessed an interest therein, an equity of redemption.

It has been held by this court, that where there is a fore-closure and sale, under a mortgage, there is no equity of redemption. See *Kramer* v. *Rebman*, 9 Iowa, 114; *Stoddard* v. *Hays et ux.*, 12 Id., 576; *Wagner* v. *Galyear et al.*, *infra*.

Our statute, by its express language, determines the rights of the parties to a mortgage. Whenever there is a failure upon the part of the mortgagor to pay, as stipulated, the mortgagee can bring his action of foreclosure. If he is entitled to a judgment, and an order of sale of the mort-gaged premises, the law determines the effect of such judg-ment and sale. The equity of redemption is cut off by operation of law, and no particular words are required in the decree, declaring such to be the effect of the judgment of the court. The mortgagor has a right to redeem at any time after judgment, and before the sale. When the sale is made, and the deed delivered, such right no longer exists. Our statute recognizes the right of the judgment debtor to redeem from a judicial sale in all cases except where the property has been sold under an order of foreclosure. This right of redemption is given to the debtor, or other incum-brancer upon the property sold, and the rights of a defend-ant, in relation to redemption, are transferable, and the assignee has *the like power* to redeem. See § 1945 of the Code.

The assignees, Isett & Brewster, who are the transferrees

of Mrs. Forbes' equity of redemption can claim no greater rights by virtue of their purchase than were possessed by their grantor. By permitting the mortgage to be foreclosed, and the property sold, and the deed made, the complainant acquired all the right and title of the defendant, Mrs. Forbes, or her assignees, to said property.

The assignees, however, insisted upon their right to redeem from the sale made under the decree of complainant, and by the acceptance of the redemption money, and by specifying in his receipt that it was accepted for that express purpose, we think the complainant recognized the right of the defendants to redeem, notwithstanding the provisions of the statute denying such right.

If, however, it is conceded that Isett & Brewster did, by the consent of the mortgagees effect a redemption, the rights acquired thereby are the same as they would have been had they redeemed from an ordinary judicial sale, and before the right of the debtor to redeem had expired.

The effect of a redemption by the paying in of the money, (with interest and costs,) that the purchaser paid when the sale was made, is to place the parties just where they were before the sale was made, with the exception that the purchase money is to be applied in liquidation of the judgment. If the property sold for a sufficient sum to satisfy the judgment, the debt is canceled, and the rights of the parties are fully settled.

It is argued by counsel for appellant that by the foreclosure proceeding of complainant, the force of the mortgage was spent, that there had been a foreclosure and sale, that the complainant had once exhausted his remedy, and could not again acquire it.

This would perhaps be true, were it not for the effect which is given to the act of the parties in redeeming. The assignees can redeem only as the debtor could. The debtor could redeem only by paying in the purchase money.

When this was paid in and accepted, it discharged the judgment, set aside, as it were, all the proceedings under the foreclosure, and placed the parties in the same position they were in prior to the commencement of the foreclosure proceeding, except that the debt was paid.

In the case of *Bradley and wife* v. *Snider et al.*, 14 Ills. 263, it was held that a lien upon mortgaged premises is not exhausted by a sale of them, and the holder of an equity of redemption, when he seeks to redeem these premises, must not only pay the sum for which they were sold, but the whole sum due on the mortgage.

Affirmed.