## JOHNSON v. HARMON.

1. **Mortgage:** REDEMPTION: FORECLOSURE. A junior incumbrancer is not barred of his right to redeem against a senior incumbrancer by the decree in a foreclosure proceeding to which he was not a party.

2. —— REDEMPTION: AMOUNT TO BE PAID. A junior incumbrancer can redeem property upon which his lien attaches from a sale made in the foreclosure of a preceding mortgage only by paying the amount due on the mortgage debt. It is not sufficient to pay the amount for which the property was bid off at the foreclosure sale, when such amount is less than the mortgage debt.

### *Appeal from Lee District Court.*

### MONDAY, JUNE 19.

PLAINTIFF is a junior and defendant a senior mortgagee of real property. The senior mortgage was foreclosed, the plaintiff not being made a party. Under this order of foreclosure the defendant (the senior mortgagee), on an execution issued thereon, purchased the property for a sum *less* than the debt secured by the mortgage. Plaintiff (the junior mortgagee), by this proceeding, seeks to redeem by paying the sum *at which the property was bid in on the execution, with interest.* Defendant insists that he can only redeem by paying the *debt secured by his mortgage.* The court below sustained the defendant's view, and plaintiff appeals.

*J. M. Beck* for the appellant.

*Sherman & Fitch* for the appellee.

WRIGHT, Ch. J.—There is no question as to plaintiff's right to redeem. Not being a party to the foreclosure proceeding, his equity is not cut off, but still continues. This was true at common law, and there is nothing in the statute taking it away. Appellant claims the right, and appellee does not resist it.

1. MORT-
GAGE: re-
demp-
tion: fore-
closure.

Johnson v. Harmon.

It is also, in effect, admitted by appellant, that unless the statute changes the common law rule, the junior incumbrancer cannot redeem without paying or satisfying the prior mortgage or lien ; and thus we see that the controversy is narrowed down to the single proposition, whether, in view of the character, nature and object of a mortgage, under our statute as compared with the common law, and the rights of a mortgagee thereunder, a party seeking to redeem can avoid or displace the prior lien by paying less than the amount thereof. The argument is, that in this State the legal title is in the mortgagor; that, after the foreclosure, the lien of the mortgage is merged in that of the judgment ; that, after this " the vital principle, the debt, enters into the judgment and gives it vitality, and leaves the mortgage without life ;" that the purchaser (in case of the mortgagee) fixes, by his bid, the value of the land, and by it he ought to be bound; that, if a part of his debt is unpaid, for it he holds the judgment upon which he may exhaust other property of the mortgagor, as upon an ordinary judgment; and that the principles and analogies underlying the whole question are totally different from those which obtain at common law.

2. —— redemption: amount to be paid.

These views are pressed by appellant's counsel with much ability. Indeed, it has seldom been our pleasure to examine an argument exhibiting more care or patient thought. We have given it that attention which it most justly deserves, both because of its force and the importance of the question involved, and yet feel compelled to adhere to what we understand to be the former adjudications of this court, and to rules and principles which, in our opinion, are unchanged by any provisions of the statute.

Appellant's premises are in part unsound, and his conclusions not warranted from such as may be admitted. Thus, it is admitted that the legal title in this State is in the mortgagor, and that, after the sale of the mortgaged

premises, under a judgment of foreclosure for any balance, the creditor has a right to a general execution. But it cannot be admitted that the judgment, for all purposes, destroys the mortgage, that the lien of the mortgage becomes merged in the judgment, and that we are to look alone to the rights of a judgment creditor in determining the rights of a mortgagee and those of subsequent incumbrances.

It is undeniably true, that the *lien* of the mortgage, after, as before, the judgment of foreclosure, dates (as to third persons not otherwise having notice) from the time of recording the same. This is not denied by appellant's counsel. What is meant, then, when it is insisted that the judgment merges the mortgage? Certainly not that it satisfies or discharges it. The well understood rule is, that nothing but payment or release can operate to discharge the lien of the mortgage. A simple contract debt is said to be merged in the higher security after judgment thereon, and yet the debt is not satisfied in the ordinary acceptation of that term. After judgment we look to it alone to ascertain the amount unpaid, and, for many purposes, the nature and character of the original indebtedness ceases to be of any practical importance. But this is not true, as we well know, for all purposes. Thus we often recur to the date and nature of the indebtedness, in measuring the rights of the parties, in determining the remedy by execution, and matters connected therewith. So it is, after judgment of foreclosure. The lien is not destroyed. The satisfaction of the judgment discharges the mortgage, but a release of the latter would not satisfy the former. Now, as formerly, the equity of the mortgagee to insist upon the full force of his lien remains after as well as before judgment. And so the equity of the mortgagor to redeem from the mortgage before sale (and after when allowed by statute)

remains unchanged. And thus it is, that while, for some purposes, the prior mortgage security is merged in the judgment, it is a misuse of terms, and creates confusion of rights and liabilities to treat the merger as complete and absolute.

The error of all the argument, based upon this assumed merger, results from too narrow a view of the rights of the mortgagor in equity, aside from the provisions of the statute. We are aware of the harsh rule of the common law, whereby the mortgagor forfeited the inheritance, however great its intrinsic value, if he did not strictly fulfill the conditions of the mortgage at the very time specified. The hardship and inconvenience of this rule, however, was remedied in an early day, as we well know (not without a struggle, it is true), by treating the mortgage (as the Roman or civil law treated it) as a mere security for the debt. Under this rule the mortgagee was regarded as holding the estate in trust, although forfeited at law, and the mortgagor was given the right to redeem, which he might enforce as he could any other trust, if he applied within a reasonable time to redeem, and offered a full payment of the debt and of all equitable charges. (*Seaton* v. *Slade*, 7 Ves., 273; *Cholmondeley* v. *Clinton*, 2 Jac. & Walk., 182; 4 Kent., 158; 2 Font. Eq., B. 3, ch. 1: 2 Black.; 158.) And following this rule, recognized as a triumph of common sense and common justice, it resulted, among other things, that the mortgagor had an estate in the land in equity, in the nature of a trust estate, which might be granted, denied or entailed. (2 Story's Eq. Jur., § 1015; *Demarest* v. *Wynkoop*, 3 Johns. Ch., 145; *Pierce* v. *Brown*, 24 Vt., 165; *Walton* v. *Crowly*, 14 Wend., 63; *Willington* v. *Gale*, 7 Mass., 138; *Hall* v. *Savill*, 3 G. Greene, 37; *Kramer* v. *Rebman*, 9 Iowa, 114; *Wilson* v. *Wilson*, 4 Id., 309.) And hence it is that while our statute changes the technical rule of the old common law, in declaring that the mortgagor

shall be regarded as the holder of the legal title, this did no more than recognize the relation which he has substantially held in equity for a period long anterior to this legislation. The object of the statute was to fix and define, by a positive declaration, the exact nature and status of the legal title, instead of leaving it to the claimed uncertainty of equitable construction or rules. And this being so, there is, as it seems to us, but little force in the argument that because of this statutory declaration the rights of the mortgagee in the matter and measure of redemption are entirely changed, or, as to third persons, materially impaired. His right to have his debt paid upon surrendering or barring his security, remains the same as heretofore. Aside from a statute allowing a redemption from a *sale* under a mortgage foreclosure, the redemption must be made by paying the mortgage debt.

The mortgagor holds the legal title it is true, but as to the security the mortgagee is entitled to the same protection, and can as justly demand the payment of his debt, now as heretofore. If he buys in the property, third persons, not parties to the proceedings, may redeem, but an account should be taken, and the amount unpaid on the mortgage being ascertained, should be paid, the purchaser (when the mortgagee, and in possession) being held to account for the rents and profits. (*Ten Eyck* v. *Cassad and Rowley*, 15 Iowa, 524.) The redemption in such a case (a statute allowing a redemption from the sale) must be from the mortgage, and not from the sale. These general views are sustained by the authorities heretofore cited, and those found in appellee's brief, to which we need not refer in detail. We only remark that the case of *Kimmall* v. *Willard and Adner*, 1 Doug. (Mich.), 217, was decided solely upon the statutes of that State, and does not conflict with the views above expressed; and see 1 Hilliard on Mortg.,

ch. 14, p. 223; Fisher on Mortg., 1; *White* v. *Hampton,* 13 Iowa, 264; *Stoddard* v. *Forbes,* Id., 299.

Affirmed.