JOSEPH SELIGMAN

*v.*

JOHN LAUBHEIMER *et al.*

1. STATUTORY REDEMPTION—*by junior mortgagee, from sale on foreclosure of prior mortgage.* A mortgagee seeking to redeem, under the statute, from a sale under a decree of foreclosure of an elder mortgage than his own, does so by paying the amount bid at the sale, with interest.

2. Where a senior mortgagee obtained a decree foreclosing his mortgage, and, at a sale thereunder, bought in the mortgaged premises at a sum less than was secured by the mortgage, received his certificate of purchase, and then procured an award for a special execution to make the residue of his debt: *Held,* by these acts, the lien of the mortgage was extinguished, and a junior mortgagee redeeming under the statute, from such sale, took the land free from any lien of the first mortgage.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Messrs. STUART, EDWARDS & BROWN, and Messrs. PRESCOTT & SCHOLES, for the plaintiff in error.

Messrs. HERNDON & ORENDORFF, for the defendants in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The facts of this case are as follows: Defendants in error, on the same day, executed two mortgages, on the same real estate —one to plaintiff in error, and the other to one Saltgenstein. The former was recorded one day before the latter. In 1869, a bill was filed to foreclose the first mortgage, and the mortgagors and Saltgenstein were made parties. A decree was rendered, giving to plaintiff in error a first lien on the property, to secure the payment of $2,445.05, and to Saltgenstein the second lien, and finding as due to him, the sum of $1,111.35.

On the 19th of January, 1870, the master offered the premises for sale, and plaintiff in error was the purchaser for $1,500, and received the usual certificate of purchase.

This sale was reported to, and approved by the court.

Afterwards, upon application, a special execution was awarded to plaintiff in error, to enable him to collect the balance of the decree.

Before the expiration of the year, Saltgenstein redeemed from the sale.

After all these transactions, plaintiff in error filed his petition in the Sangamon circuit court, asking the court to ascertain the amount due to him, order a re-sale of the property; and declare his mortgage lien as still subsisting.

What was the effect of the redemption? The second mortgagee, who redeemed from the sale, was the grantee of the mortgagors. By the express provision of the statute, he had the right to redeem the lands, by the payment of the amount bid by the plaintiff in error. If he had filed a bill in chancery to redeem, he would then be compelled to do equity, by the payment of the prior mortgage debt, before he could obtain any relief. But this redemption was a statutory right. Upon the payment of the amount bid, with interest, the original certificate of purchase was null and void. The equity of redemption established by the courts, is entirely different from the statutory right. The one is governed by the principles of equity jurisprudence; the other is controlled, in its operation and effect, entirely by the statute. In the enforcement of the one right, the party must pay all that is equitably due; in the other, he need only comply with the statute.

What benefit results to the second mortgagee, from his redemption? It was insisted in the argument, that it was equivalent to a redemption by the mortgagor, and merely restored the parties to their position before the sale. Then the right of a grantee to redeem is the merest delusion. He only accommodates the prior mortgagee, by the payment of money, but derives no advantage from it. His act, then, was one of folly, and the statute but a trap for the unwary. It is admitted in argument, that the redemption, under the statute, is not from the mortgage, but from the sale. If the construction

claimed be correct, then the right exists, but without any benefits resulting from its exercise.

We can not so construe the statute. After foreclosure and sale, the mortgagor or his grantees have the absolute right to redeem, within twelve months, from such sale; and judgment creditors have the right of redemption, after the expiration of twelve, and before the expiration of fifteen months. Each has a distinct right. The assumption that the redemption by the grantee restores the land to the grantor, as if the latter had redeemed, is a merger of the one right into the other. On the contrary, they occupy independent positions. As against the mortgagor, the party redeeming had the entire interest in the land, except the equity of redemption. His act did not divest him of this interest; it greatly strengthened it.

Without determining the legal effect of the mere foreclosure, we do hold that the decree, followed by a sale of the premises, the purchase, and the subsequent acts of the first mortgagee, extinguished his mortgage lien. The case of *Bradley* v. *Snyder*, 14 Ill. 263, does not sustain the contrary position. In that case, certain grantees of the mortgaged premises, who were not made parties to the bill of foreclosure, filed a bill to redeem on payment of the amount bid at the sale. They were required first to do equity, and discharge the prior mortgage debt. They were not exercising a strictly statutory right.

Plaintiff in error obtained his decree, caused a sale, became the purchaser, received his certificate of purchase, and then procured an award for a special execution to make the residue of his debt. By these acts, the mortgage lien was extinguished. The intention to merge the lien, is clearly deducible from them. *People* v. *Bebee*, 1 Barbour, 379.

The cases of *Stoddard* v. *Forbes*, 13 Iowa, 296, and *Johnson* v. *Harmon*, 19 Iowa, 56, cited to sustain the opposite doctrine, are not pertinent.

According to the construction of the statute of Iowa, by the courts of that State, the equity of redemption is absolutely cut off by a sale after foreclosure. Neither the mortgagor

nor his assignee has any right of redemption, after a sale of the mortgaged premises. In the case of *Stoddard* v. *Forbes*, *supra*, the mortgagee accepted the redemption money after the sale, when he was under no legal obligation to do so, and receipted in full redemption of the lands sold. The court decided, properly, that the effect of such redemption was to restore the parties to the position which they occupied before the sale. The money was received, and the redemption assented to by the mortgagee.

In the case of *Johnson* v. *Harmon*, *supra*, the junior incumbrancer, who applied to redeem, had not been a party to the foreclosure proceedings. The court merely decided that he was not barred of his right to redeem, and that he must pay the mortgage debt, instead of the amount bid. The court uses the following language: " Aside from a statute allowing a redemption from a *sale* under a mortgage foreclosure, the redemption must be made by paying the mortgage debt."

There can be no possible objection to such ruling where there is no redemption from a sale. In this State, the statute expressly allows a redemption from the sale. It is a solecism to say, that a redemption from a sale requires the payment of the mortgage debt, instead of the amount bid at the sale.

The party might have purchased for the entire amount of his decree. This he neglects to do. The object was undoubtedly to buy the land at a reduced price, and make the remainder of the money by a sale of other property. The hope was, speculation. This enriches the few, but ruins many.

The judgment is affirmed.

*Judgment affirmed.*