## David L. McCullough

### v.

## Charles Rose.

Master's sale—Redemption.—In a proceeding for mechanic's lien, the vendor of the premises interpleaded, claiming purchase-money still due, and there was an interpleader by a mortgagee of the premises and by parties who had furnished materials. The court found the equities of the several parties, and ordered a sale of the premises, directing the order of payment of the proceeds. The premises were sold and purchased for a nominal sum by the original vendor. Subsequently there were attempted redemptions from such sale by the mortgagee and other interpleaders. *Held*, that the decree finding the equities of the parties, was the decree of all, and the sale thereunder was as much the sale of one as of another, and that a party cannot redeem from his own sale; the sale already made is for his benefit and it is his duty to be present and protect himself.

Appeal from the Circuit Court of Washington county; the Hon. Amos Watts, Judge, presiding. Opinion filed August 1, 1879.

Messrs. W. & E. L. Stoker & Hosmer, for appellant; cited Rev. Stat. 1874, 623; 1 Story's Eq. Jur. 437; Mixer v. Sibley, 53 Ill. 61; Strang v. Allen, 44 Ill. 428.

Mr. John M. Breeze and Mr. L. M. Phillips, for appellee; that the court cannot decide upon the right of a creditor who is not before the court, to redeem, cited Prentice v. Kimball, 19 Ill. 320; Page v. DeLeuw, 58 Ill. 85; Ryan v. Lynch, 68 Ill. 160.

As to the right of redemption: Durley v. Davis, 69 Ill. 133; Karnes v. Lloyd, 52 Ill. 113.

Casey, J.   This was a proceeding in the Circuit Court of Washington county, to compel the Master in Chancery of said county to execute and deliver a deed.   The record shows that James Bell filed a petition for a mechanic's lien against W. S. Post and James A. Baldridge, averring that he had furnished lumber, materials, etc., and praying for a decree for the sale of lot four, in block two, in the town of Irvington, in said county.

The appellant interpleaded, alleging that there was due to him the sum of seven hundred and eighteen dollars purchase money on said premises.

Lemon Fouts also interpleaded, alleging that he held a mortgage on said premises for the sum of five hundred and twenty-one dollars and seventy-five cents; and Alexander Brown interpleaded, alleging a claim due him as a mechanic for work in constructing improvements on said premises, amounting to the sum of one hundred and twenty dollars.   There was service upon the defendants.   The court heard the cause upon the petition, interpleaders, answers and proofs, and at the April term of said court, A. D. 1877, entered a decree directing the Master in Chancery of said county to sell said premises, and out of the proceeds to pay, first: the claim of appellant in full; second: the claim of Lemon Fouts in full; and third: the claims of Jas. Bell and Alexander Brown.   The Master, in pursuance of said decree, sold the premises at public vendue on the first day of September, A. D. 1877.   And at said sale appellant became the purchaser of said premises for the sum of fifty dollars, and received from the Master a certificate of the purchase thereof.   And the record shows that after the expiration of fifteen months from the day of sale, and before this proceeding was begun, appellant presented his certificate to the Master, tendered the fee, and demanded a deed of said premises.   The record also shows that on the 20th day of August, A. D. 1878, an execution was issued because of the findings in said decree for the said sum of five hundred and twenty-one dollars and

McCullough v. Rose.

seventy-five cents, in favor of Lemon Fouts. The execution bears the following indorsement: "Received this day the sum of fifty-five dollars of Lemon Fouts, for redemption of lot 4, bl. 2, in S. Y. Henry's Add. to Irvington, from sale thereof made September 1st, 1877, on decree in case of Bell et al. v. Baldridge et al. in said Circuit Court, date Aug. 20, 1878. I have levied on the following real estate, to wit: Lot 4, block 2, in Samuel Y. Henry's addition to the town of Irvington, Ills. (the same being redeemed as above.)

"Sept. 2nd, 1875.

"(Signed)   J. MAY, Sheriff."

It is difficult to tell what is meant by the sheriff in his endorsement referring to the date of Aug. 20, 1878, unless he refers to the date when the execution came into his hands.

The record further shows a certificate of redemption issued by the Master in Chancery to Lemon Fouts, for the sum of fifty-five dollars, bearing date September 2nd, 1878, redeeming lot four (4), in block two (2), in S. Y. Henry's addition to the town of Irvington, sold by virtue of a decree of the Circuit Court, in a cause wherein James Bell was plaintiff, and W. S. Post *et al.* were defendants, rendered at the October term, A. D. 1877.

That the sheriff by virtue of his levy aforesaid, on the 4th day of January, A. D. 1879, sold the said property at public sale and the said Lemon Fouts became the purchaser thereof, for the amount of the redemption money and costs, and the sheriff thereupon made and delivered to him, the said Fout·, a deed of said premises. The record also shows that on the 2nd day of September, A. D. 1878, an execution was issued by the clerk of the Circuit Court, because of the decree in favor of Jas. Bell, for the sum of two hundred and twelve dollars, and the endorsement on said execution, shows that the sheriff received $55.00 for redemption of said premises from sale of Master in Chancery, on decree in favor of D. L. McCullough, made Sept. 1st, 1877.

The record further shows a certificate of redemption, dated September 2nd, 1878, issued by the sheriff to James Bell, of lot four in block two, in S. Y. Henry's addition to the town of Irving, in Illinois, sold by virtue of a decree rendered in the

cause of James Bell et al. v. W. S. Post and James A. Baldridge, rendered at the April term of said court, A. D. 1877.

The record also shows a demand in writing, as aforesaid, for a deed, and notice to appellee that the appellant would, in open court, enter a motion for a rule upon appellee to compel him to make a deed, etc.

The notice was duly served; both parties appeared, and on this state of facts the court below overruled the motion, and dismissed the proceedings.

Appellant excepted to the ruling of the court, brings the case to this court by appeal, and assigned for error, in substance, as follows:

*First*—The court erred in overruling the motion.

*Second*—The court erred in deciding that a redemption on S. Y. Henry's addition was a redemption of the property sold in Irvington.

*Third*—The court erred in holding that Lemon Fouts could redeem from the said sale after the expiration of twelve months.

The first error assigned includes the third. The statute provides in cases of this character that the "right of redemption shall exist in favor of the same persons, and may be made in the same manner as is or may be provided for redemption of real estate from sales under judgments and executions at common law."

Prior to the act of 1869, there was no redemption from sales made on decrees to enforce mechanics' liens. The intention of the legislature was to allow redemption in such a case as in sales on "judgments and executions at common law."

The property was sold by virtue of a decree rendered in favor of appellants, Lemon Fouts, James Bell and Alexander Brown. It is as much the decree of one as the other. The moieties of the different creditors, were declared by the court, and the master was directed as to which claims he was to pay first. This did not in any respect change the character of the decree. It was as much the sale of one as the other. A party cannot redeem from his own sale. Redemption is a statutory right, favored, it is true, by the courts, because it is

McCullough v. Rose.

desirable that the debtor's land should pay as many of his debts as possible, but there is no authority anywhere for a party to redeem from his own sale. The sale already made is for his benefit. The decree is specifically against that property, to that extent a proceeding *in rem*. In case the specified property is sold and the proceeds do not pay the various claims, in that event the plaintiffs would be entitled to executions on their judgments against the property of the defendants. The parties may and ought to protect themselves by being present at the sale. The record in this case shows the property to have been valued at more than twelve hundred dollars, yet there is no pretense but what the sale to appellant was fair and honest. However that question is not before us now.

The decree shows that the Master in Chancery was ordered to sell and did sell lot four, in block two, in the town of Irvington, Washington County, Illinois. The decree was rendered at the April term of the Circuit Court, A. D. 1877. Each of the certificates of redemption contained in the record, shows that "lot four (4), in block two (2) in S. Y. Henry's addition to the town of Irvington," sold by virtue of an "order and decree," made at the October term of said court, A. D. 1877, was redeemed.

It is possible that the property is the same, but there is no proof of that fact. There may be a lot four, block two, in the town of Irvington, and there may be just such property in S. Y. Henry's addition to said town.

If it is the same property, that fact should have been made to appear. The decree was made at the April term, 1877. The certificate issued to Lemon Fouts, is from a sale made by virtue of a decree rendered at the October term, A. D. 1879. This may be a clerical error; certainly it does not tend to identify the property.

For these reasons the judgment of the court below must be reversed and the cause remanded.

Reversed and remanded.