PHELPS v. POPE ET AL.

1. **Mechanic's Lien :** JUDICIAL SALE: RIGHT OF REDEMPTION. Where the holders of a mechanic's lien asked that they be decreed the right to redeem from a sale of the property under another lien of even date with their own, which prayer was granted, it was held that they could not also have the option of treating the sale as made for their benefit, and claiming a *pro rata* share of the proceeds.

*Appeal from Greene District Court.*

FRIDAY, JUNE 11.

ACTION to foreclose two mechanic's liens upon property owned by the defendants Pope and Crouch. The defendants Grupe & Turner were joined as claiming an interest in the property. They appeared and showed that they also were entitled to a mechanic's lien upon the property, and they averred that it was paramount to one of the claims of the plaintiff. At the November term, 1878, the plaintiff obtained judgment upon each of his claims gainst Pope and Crouch, one being for $726.83, and the other for $4,928. The cause as against Grupe & Turner was continued. Afterwards, and before the cause could be tried as against Grupe & Turner, the plaintiff caused executions to be issued upon his judgments, and the property to be sold on each, and he bid in the property upon each for the amount of his judgments. Grupe & Turner filed an amendment to their answer, setting up the execution sales, praying that they might be allowed to redeem

if they should elect so to do, and otherwise that plaintiff should pay them a *pro rata* share of the amount for which the property was sold. The court found and decreed that the plaintiff's claim for $726.83 was the paramount lien upon the property, the statement for a lien being first filed, that Grupe & Turner were entitled to a lien for $600, and plaintiff upon his second claim to a lien for $2,928, and that the two latter liens attached at the same time, the statements being filed at the same time, and that they were equal. The court accordingly decreed that the sale did not divest Grupe & Turner's lien, and that in case the premises should remain unredeemed the plaintiff should take them subject to the defendants' lien, to which decree both parties excepted and both appeal.

*McDuffie & Howard*, for plaintiff.

*Macy & Sweeney* and *Russell & Toliver*, for defendants Grupe & Turner.

ADAMS, CH. J.—Different mechanic's liens upon the same property have priority in the order in which the respective statements are filed. Code, § 2139. The court correctly found that the plaintiff's lien for $726.83 was paramount, and that the plaintiff's other lien was equal to, or co-ordinate with, that of Grupe & Turner.

J. MECHANIC'S lien: judicial sale: right of redemption.

The sale, we think, should not have been made until the relative rights of the lienholders had been definitely settled. *Iaege v. Bossieux*, 15 Gratt., 83. Perhaps upon a proper application, either by Grupe & Turner, or by the judgment debtor, the court would have been justified in setting it aside, but this is not asked. The sale at most, however, should have no greater effect upon Grupe & Turner's lien than it would have had if they had not been made parties to the plaintiff's action. The sale under the paramount lien should have no greater effect upon Grupe & Turner's lien than a foreclosure sale under a decree of foreclosure of a senior mort-

gage would have upon the rights of a junior mortgagee not a party to the decree. He can redeem from the claim within the same time within which he could redeem if there had been no sale. *Johnson v. Harmon*, 19 Iowa, 56. This, as we understand the decree in this case, is substantially what the court held.

Proceeding upon the same principle, the court held that Grupe & Turner might redeem from the plaintiff's second claim, and in this, too, we think that there was no error.

But they insist that they should not be confined to this remedy, but should be allowed to elect not to redeem, and that it should be decreed that in such case the plaintiff should pay them a *pro rata* share of the amount for which the property was sold above the amount of the plaintiff's first claim. Without denying that under proper proceedings Grupe & Turner might be entitled to such share, it appears to us that they are not as the pleadings stand. They could not become entitled to such share without adopting the sale as made for their benefit as well as for the benefit of the plaintiff. If it had been made under a decree expressly providing that it should be made for the benefit of all the lien-holders, it is evident that Grupe & Turner could not have their election to share in the proceeds of the sale or to redeem therefrom. They have seen fit to ask that they be allowed to redeem, and this right, as we understand the decree, has been granted them. This precludes them, we think, from now claiming that the sale was made for their benefit.

The language of the decree is a little obscure upon the point under consideration, and we think it ought to be modified. The language is: "In case the premises shall remain unredeemed, and the plaintiff shall obtain a deed therefor, he shall take the premises subject to the lien of these defendants." If anything more is meant than that the defendants Grupe & Turner shall have a right of redemption by paying both of plaintiff's claims, within such time as they might redeem if they had not been made parties, we think the de-

cree is wrong. That the parties' rights may be made certain in this respect we think that the language of the decree should be modified. Each party should pay half the costs of the appeal.

MODIFIED AND AFFIRMED.