# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1891.

## JOSEPH OGLE ET AL.

### v.

## GUSTAVUS A. KOERNER ET AL.,

*Trust Deeds—Forclosure—Redemption—Equitable or Statutory—Secs. 18 and 25, Chap. 77, Starr & C. Ill. Stats.*

1.  The assignee of a note and of a second trust deed securing the same covering certain property, the assignor being a party defendant to foreclosure proceedings based upon a previous deed, is entitled under Sec. 18, Chap. 77, Starr & C., Ill. Stats., to redeem said premises from sale in such proceedings.

2.  Such redemption is purely statutory, and by it the premises sold are relieved from every lien or claim that has before been placed thereon by previous deeds that have been foreclosed.

3.  Where a bill in chancery is filed to redeem, the complainant will be compelled to do equity by the payment of any prior mortgage debt before he can obtain any relief. The equity of redemption established by the courts, is entirely different from the statutory right; in the enforcement of the one the complainant must pay all that is equitably due, in the other he need only comply with the statute.

4.  In the case presented, this court holds that the redemption in question was statutory and not equitable in character; that the sustaining of the demurrer to the amended cross-bill, and the dismissal thereof, was proper; likewise its action in allowing complainants in the original amended bill to dismiss the same at their cost.

(452)

[Opinion filed September 11, 1891.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

On October 13, 1886, Russel Hinckly was indebted to plaintiffs in error severally. To secure these debts evidenced by his notes, he and his wife, by their five trust deeds of that date, conveyed to G. A. Koerner as trustee, lands and lots in St. Clair, Wayne, Fayette, Clinton and Marion Counties, in this State. On the same date Hinckly and wife conveyed to said Koerner as trustee, by certain other trust deeds, the same lands to secure the note of Hinckly, payable to Henry M. Needles, administrator of the estate of John Short. The deeds of trust first above mentioned were prior and superior liens to that of Needles. At the February term, 1888, of the St. Clair Circuit Court, a decree foreclosing the five deeds of trust securing the debts due plaintiffs in error was rendered upon the amended cross-bill of plaintiff in error Benjamin Higgins. Needles, with others, was made a defendant in said cause and to said amended cross-bill, and $5,714.74 was found by said decree to be due and unpaid upon the note so given him as administrator. The amounts due to the several plaintiffs in error respectively, upon the debts secured by the first five deeds of trust, were found and set forth in said decree. All the lands described in the trust deeds were ordered to be sold, the proceeds of the sale, after payment of costs, to be applied first to satisfy the debts due plaintiffs in error; next to the amount due on Needles' note secured by the junior deeds of trust with a provision that the holders of said junior lien have twelve months from day of sale within which to redeem. Pursuant to this decree on the 17th and 18th days of September, 1888, the master sold all said lands and the larger portion in value thereof was bought at the sale by plaintiffs in error. At said sale Andrew A. Miller purchased some of the mortgaged premises situated in St. Clair County for $2,685, and received from the master his certificate of purchase. Afterward, on August 6, 1889, Timothy McCarthy, defendant in error, became and was, by proper and sufficient assignments

thereof, the legal holder and owner of the note payable to Needles and of the trust deeds securing the same, and was entitled to all the rights and equities Needles had acquired thereunder, including the right to redeem from said master's sale.

On August 26, 1889, McCarthy, as such assignee, redeemed from said sale the premises purchased by Miller, and for such redemption paid the master in chancery $2,894.12, being the amount of Miller's bid, with interest thereon at eight per cent from date of sale as required by the statute, and received from the master a certificate of redemption which was duly recorded. At the February term, 1890, of the court below, McCarthy and Gustavus A. Koerner filed their original and amended bills in this cause, making plaintiffs in error and others, defendants. Plaintiffs in error answered said amended bill and filed a cross-bill, which was amended, and was then demurred to by defendants in error. It is alleged in this amended cross-bill that McCarthy took and still retains possession of the premises redeemed. That said premises are of the value of $17,000. That at least 200 acres thereof are in cultivation, and McCarthy has been receiving annually $800 rent therefrom. That $500 is due complainants under said decree of foreclosure, which is a first lien on said premises, subject to the repayment of the redemption money paid by McCarthy, less the amount of rents and profits received by liens. Alleges the insolvency of Hinckly and that complainants have no means of collecting the balance due them on said decree and tenders amount of redemption money paid by McCarthy, less amount by him received for rents and profits. The prayer of the amended cross-bill is, that an account be taken of the amount due complainants respectively, and of the amount due McCarthy on redemption money, after deducting rents and profits received from said lands, and the amount due him on the claim assigned to him. That thereupon the lands so redeemed be sold by the master in chancery, and out of the proceeds, costs and expenses be first paid; next, balance found to be due McCarthy on redemption money; next, amount found due complainants; next, amount found due

McCarthy on claim assigned to him. The balance, if any, to be brought into, and await the further order of the court. The demurrer was sustained to the amended cross-bill and complainants therein electing to stand by the same, it was dismissed by the court at their cost, and complainants in the original and amended bills, by leave of the court, dismissed the same at their costs. To reverse the order and decree of the Circuit Court, plaintiffs in error sued out the writ from this court.

Mr. WILLIAM WINKELMANN, for plaintiffs in error.

Mr. CHARLES P. KNISPEL, for defendants in error.

GREEN, J. The only important question involved is, whether the redemption of the lands by McCarthy from the master's sale, was an equitable or a statutory redemption.

Sec. 18, Chap. 77, Starr & C. Ill. Stats., 842, provides: "Any defendant, his heirs, administrators, assigns, or any person interested in the premises through or under the defendant, may, within twelve months from said sale, redeem the real estate so sold, by paying to the purchaser thereof, his executors, administrators or assigns, or to the sheriff or master in chancery, or other officer who sold the same, or his successor in office, for the benefit of such purchaser, his executors, administrators or assigns, the sum of money for which the premises were sold, or bid off, with interest thereon at the rate of eight per centum per annum from the date of such sale. Whereupon such sale and certificate shall be null and void. Sec. 25, same chapter, provides: "Any person entitled to redeem, may redeem the whole or any part of the premises sold, in like distinct parcels or quantities in which the same were sold." We perceive no reason why McCarthy was not entitled to the benefits and advantages of these sections. By the assignment to him of the notes and securities once held by Needles, who was a defendant in the foreclosure proceedings, he became one of the assigns of a defendant and a holder through and under him of a lien upon, and a person interested

in the premises sold to Miller, and by the very terms of the
18th section was entitled to redeem said premises from that
sale.    The record shows also that McCarthy did redeem from
said sale by fully complying with all the provisions of the
said 18th section.    This redemption was purely statutory, and
by it the premises so sold were relieved from every lien or
claim that had before been placed thereon by the trust deeds
which were foreclosed.    It is contended, however, on behalf
of plaintiffs in error, that even if McCarthy had the legal right
to and did redeem under the 18th section, yet because the
statute declares when such redemption is made, " *The sale
and certificate shall be null and void*," the sale is wiped out;
the   certificate is the same as if never issued, and the prop-
erty stands exactly as if no sale had been made, with the excep-
tion that an equity arises in favor of the redeeming party
(provided he is not the original debtor), for the amount of
the redemption money.    To that extent McCarthy is, in equity,
subrogated to the rights of the party holding the senior lien;
to that extent McCarthy has a prior lien, but no further.

In reply to this it is perhaps sufficient to say we are not
dealing with a case where defendant in error filed a bill in
chancery as a junior mortgagee, asking to redeem from a supe-
rior mortgage lien.    Hence, the question submitted is not,
what are his rights in equity, but what are his legal rights as
a redemptioner under the statute?    The precise contention of
plaintiffs in error has, however, been held untenable in the case
of Seligman v. Laubheimer et al., 58 Ill. 124, a case which
we think is in point here.    Laubheimer on the same day
executed two mortgages on the same real estate, one to Selig-
man, and the other to Saltgenstein.    The former was a prior
lien, and a bill to foreclose it was filed and the junior mortgagee
made defendant.    The decree gave the prior lien to Seligman,
and to Saltgenstein the second lien, found the amount due, and
ordered a sale of the land to satisfy both mortgages.    The
land was sold for less than the amount secured by the first
mortgage, and the junior mortgagee redeemed under the said
18th section.    The senior mortgagee afterward filed his petition
in the Circuit Court, praying the amount due him, unsatisfied

Ogle v. Koerner.

by the sale, be ascertained; that a resale of the property be ordered, and that the court declare his mortgage lien still subsisting. In the opinion, it is said, the second mortgagee, by the express provision of the statute, had the right to redeem the lands by the payment of the *amount bid*.

If he had filed a bill in chancery to redeem, he would then be compelled to do equity by the payment of *the prior mortgage debt* before he could obtain any relief. The equity of redemption established by the courts is entirely different from the statutory right. In the enforcement of the one right, the party must pay all that is equitably due; in the other, he need only comply with the statute. And it is also there said: "It was insisted in the agreement that redemption by the junior mortgagee was equivalent to a redemption by the mortgagor, and merely restored the parties to their position before the sale. Then the right of a grantee to redeem is the merest delusion. He only accommodates the prior mortgagee by the payment of money, but derives no advantage from it. His act then was one of folly and the statute lent a trap for the unwary." We can not so construe the statute. After foreclosure and sale, the mortgagor or his grantees have the absolute right to redeem within twelve months from such sale. The assumption that the redemption by the grantee restores the land to the grantor, as if the latter had redeemed, is a merger of one right in the other. On the contrary, they occupy independent positions. As against the mortgagor, the party redeeming had the entire interest in the land except the equity of redemption. His act did not divest him of this interest; "it greatly strengthened it." It is further said in the opinion: "Without determining the legal effect of the mere foreclosure, we do hold that the decree, followed by a sale of the premises, the purchase and subsequent acts of the first mortgagee, extinguished the mortgage lien. In this State the statute expressly allows a redemption from the sale. It is a solecism to say a redemption from the sale requires the payment of the mortgage debt instead of the amount bid at the sale." No subsequent decision of our Supreme Court has been cited in which the meaning and effect of this statutory

redemption is not so construed.   The decisions of the courts of other States, cited by the learned counsel for appellant in support of his contention, we must decline to follow, inasmuch as they are not in harmony with that of our own court of last resort.   The case in 4 Ill. App. 149, is not in point, nor is the case of Bradley v. Snyder, 14 Ill. 263, which is noticed by the court in Seligman v. Laubheimer et al., *supra*.   We find no error in the ruling of the Circuit Court sustaining the demurrer to the amended cross-bill and dismissing it, and in allowing complainants in original amended bill to dismiss the same at their cost.   The order and decree of the Circuit Court is affirmed.

*Order and decree affirmed.*