Bogardus v. Moses.

78  223<br>181s 554

## Charles Bogardus v. Horace W. Moses.

1. RECEIVER—*When to be Discharged in Foreclosure Proceedings.*— When the mortgagee purchases the premises securing the mortgage indebtedness, at the sale under the decree of foreclosure, for the amount of the decree, interest and costs, the necessity for continuing the receiver ceases, and he may be properly discharged.

2. EQUITY OF REDEMPTION—*Owner of—Rents and Profits.*—The owner of the equity of redemption is entitled to the balance of the rents and profits of the premises left in the receiver's hands after paying the taxes due on the same.

3. MORTGAGES—*Rights of the Mortgagee in Foreclosure Proceedings.*—A complainant in foreclosure proceedings has the right to have the mortgaged premises sold, and the proceeds thereof applied to his indebtedness, and when that is done the mortgage had expended its force, and the premises are no longer subject to its provisions.

**Petition to Have a Receiver Discharged.**—Trial in the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Hearing and petition dismissed. Appeal by petitioners. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

### STATEMENT.

On March 9, 1891, Charles Bogardus and Hannah W. Bogardus gave Henry E. Carter a bond for $8,000, due March 15, 1897, and twelve notes of $240 each, representing six per cent interest on the bond, one of said notes being due each six months successively from March 15, 1891; and to secure the payment of the bond and notes, they executed a mortgage upon their lot in the' city of

Paston in Ford county, Illinois, which mortgage was recorded in the proper office of said county on March 15, 1891. The bond, notes and mortgage were a short time after their date duly assigned to Annie N. Carter; and on September 1, 1891, Charles and Hannah W. Bogardus conveyed this lot by warranty deed to Dunham & Fisher, subject to the lien of said mortgage, bond and notes, and the amount due thereon was deducted from the purchase price of the lot. This lot afterward, and before the bill herein was filed, passed by *mesne* conveyances to Horace W. Moses, the appellee. April 26, 1897, Annie N. Carter filed her bill of complaint in chancery, in the Circuit Court of Ford County, to foreclose said mortgage, and made Charles Bogardus, Hannah W. Bogardus, Horace W. Moses and some others, who, as tenants of Moses, occupied the lot, parties defendant. This foreclosure proceeding resulted in a decree of foreclosure for $8,711.34 principal and interest, $100 solicitor's fee and $3.50 abstract fee; and the decree provided in default of payment the master in chancery should sell; also that in default of the lot selling for the amount of the decree, execution should issue against Charles Bogardus and Hannah W. Bogardus for the deficiency. December 29, 1897, the master reported to the court he had, on October 18, 1897, sold the lot to Annie N. Carter for $9,055.92, being the amount of the decree debt, interest and costs.

August 26, 1897, on petition of Annie N. Carter, the court appointed H. B. Henderson receiver, over the objections of Horace W. Moses. December 20, 1897, Charles Bogardus filed in the foreclosure proceedings his petition, in which he states that he is one of the signers of the bond, notes and mortgage in litigation in the proceeding; that he was liable for the payment thereof; that the mortgage conveys said lot with all rents, issues and profits thereof; and in the mortgage it is provided that the mortgagors, their heirs, executors, administrators and assigns covenant to pay in due season all taxes and assessments on said lot and keep all buildings thereon, during the continuation of said indebt-

Bogardus v. Moses.

edness, insured for the benefit of the mortgagee, his heirs or assigns, and in case the mortgagor neglects to so insure or pay taxes, the mortgagee, his heirs or assigns, may pay such insurance or taxes or redeem from tax sales; also that said mortgage provides for the appointment of a receiver who is authorized, directed and empowered to take possession of the lot and to collect the rents of same, and to do and perform such other acts as may be required by order of the court making such appointment; that in pursuance of the decree in this case, entered on August 20, 1897, the master advertised the lot for sale on October 18, 1897. Petition further states that petitioner went to the agent of Annie N. Carter, and tried to arrange for her to bid off the lot at the master's sale for the amount of decree, interest and costs, but she refused, for the reason that petitioner was personally liable for the debt, and she could hold him liable, and that she would only comply with his request if the petitioner and Hannah W. Bogardus would still remain liable for said indebtedness, and after the sale the petitioner would advance to her the sum of $1,065.99 on the principal due her under the decree, and pay the interest at the rate specified in the bond, notes and mortgage; which she agreed to do; that at said sale the same was sold to Annie N. Carter for the amount of the bond, interest and costs; that said Moses defaulted and neglected to pay the costs of this proceeding; that in pursuance of this agreement with Annie N. Carter the petitioner advanced the sum of $1,065.99 and obligated himself to pay $8,000 with interest, according to the terms of the original bond, notes and mortgage, unless redeemed; that in December, 1896, a petition was filed in the County Court of Ford County, Illinois, by the city of Paxton for the confirmation of a special tax against said lot and other property for the paving of Market street; that said petition was prosecuted by the city of Paxton and defended by H. W. Moses as to this lot, until August 5, 1897, which resulted in the confirmation of the special tax against this lot for $157.20, with interest at six per cent from date, the tax to be paid as follows: $45.80 on or before

two years, $55.70 on or before three years, $55.70 on or before four years; which confirmation is still in force, has not been appealed from, annulled, paid or set aside, and is a lien upon this lot. The petition further states that on September 6, 1897, the city council of the city of Paxton passed an ordinance ordering a new sidewalk on the west side of these premises, and the attorney for Moses was requested to consent that the receiver construct said sidewalk out of the money then in his hands, which request was refused; that the city constructed said sidewalk and returned the cost for same at $66.28. The petition further states that the rents derived from the premises are about $900 per annum; that up to the time of the appointment of the receiver Moses had been collecting said rents and devoting them to his own use, letting the property go to ruin and decay; that there are ten panes of glass broken out of the building, which cost about $10 for glass to replace them; and the back stairs and out buildings on said lot are in a very dilapidated condition.

The petition further states that Moses is a resident of Kansas, and has no property in the State of Illinois.

The prayer of the petition is for an order upon the receiver to, first, redeem the Bloomster tax sale; second, to make the necessary repairs, set broken glass, and repair the back stairs so as to render them safe; third, to pay the sidewalk tax, $66.28; pay off the Market street paving tax, $157.20 and interest; and if the same are not redeemed from master's sale before April 1, 1898, that out of the first money he has on hand or receives, he pay the taxes for 1897. Signed, Charles Bogardus.

Affidavit to petition:

" I hereby join in the above petition.

(Signed)        ANNIE N. CARTER."

On January 4, 1898, receiver files his report to the court in which he shows that he has paid the insurance of $100; redeemed from Bloomster tax sale, $274.32, and paid sidewalk tax, $66.28, from rents collected, and has balance on

hand, $9.09.  On January 4, 1898, Moses files his answer to petition of Bogardus for continuation of receiver, alleging that the lot had been redeemed from tax sale for 1896; that the cost of constructing sidewalk had been paid; that the lot sold at master's sale for the decree debt, interest and costs; denies the right of petitioner Bogardus to have the receiver pay the special paving tax or subsequent taxes on the lot; promises to put in the glass and make the repairs to the property without delay, and asks that receiver turn over to him the $9.09 in his hands as per his report, and that the receiver be discharged.  Charles Bogardus files exceptions to the answer of Moses, and states, as cause therefor, that the special paving tax for paving Market street should be paid and repairs should be made; costs of receivership and of transferring insurance should be paid before receiver is discharged; which exceptions the court overruled, approved the receiver's report, dismissed the petition of Bogardus and ordered him to pay $2 of the costs of his petition.  On January 15, 1898, Bogardus applies to the court for a continuance, and supports his application by the affidavit of E. C. Gray, which states he has had entire charge of the appointment of the receiver in this case, and no one else is conversant with the matters therein involved; that on January 11, 1898, he was taken with inflammatory rheumatism; is confined to house on account of same.  But the court denied the continuance. The court then, on motion of Horace W. Moses, discharged the receiver, to which Bogardus excepts, and prays and is allowed an appeal to this court from the order of the court dismissing his petition and discharging the receiver.

WALTER WARDER and GRAY & BEACH, attorneys for appellant.

CLOUD & KERR, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

All that is involved in this appeal is whether the Circuit Court of Ford County was justified in discharging the

receiver it had appointed in this foreclosure proceeding, when it appeared that at the master's sale, under the decree entered herein, the complainant in the proceeding had purchased the mortgaged premises for the full amount of the decree debt, interest and costs, and that the receiver, while acting, had paid from rents received by him all the accrued taxes and delinquent insurance on the mortgaged prem-ises and had a surplus of $9.09 on hand, when the only reason urged by the appellant, who was a defendant to the foreclosure proceedings and liable for the payment of the decree debt, interest and costs, if same were not paid by the appellee or by sale of the premises, was that in order to induce the complainant in the foreclosure proceedings to bid the said debt, interest and costs, he had agreed to and did, after the sale, pay her $1,065.99 on her bid, and agreed to pay her the balance of her bid with interest according to the terms of the mortgage, bond and notes sued on in this proceeding in case the lot sold was not redeemed from such sale, and the complainant was then to let him have the lot. The appellee, Moses, was not a party to this arrangement made by the complainant, and the appellant, consequently, was not bound in any way thereby. When the complainant purchased the lot securing her mortgage indebtedness, at the sale under the decree foreclosing the same, for the amount of the decree, interest and costs, the necessity for continuing the receiver ceased; therefore he was properly discharged and the possession of the lot restored to the appellee, the owner of the equity of redemption, and the appellee, as such owner, was entitled to the balance of the rents of the lot left in the receiver's hands after paying the taxes then due on the same, as shown by his report. Davis v. Dale, 150 Ill. 239.

The contention of the appellant here is that he, by his arrangement with the purchaser at the sale, as shown by his petition, and being liable for the debt due on the bond, notes and mortgage in question in this foreclosure proceeding, has acquired equities which, under the covenants contained in said mortgage, entitle him to have the receiver

retained until after the equity of redemption expires, or the lot is redeemed from the sale, and to have the rents of said lot applied to pay the paving tax on the lot, which he claims is a lien on same, although not yet due, and to reimburse him for the $1,065.99 paid by him to the complainant, under his arrangement with her, as set out in his petition. But as we understand it, the complainant only had the right to have the lot securing her mortgage indebtedness sold under these foreclosure proceedings, and the proceeds thereof applied to that indebtedness, and when that was done the mortgage had expended its force, and the lot, after such sale, was no longer subject to the provisions of her mortgage. Ogle et al. v. Koerner et al., 140 Ill. 170, and Seligman v. Laubheimer, 58 Ill. 124.

As the complainant was not entitled to have the receiver retained after the lot was sold for the decree debt, interest and costs, the appellant could not, through her, by any act of his or agreement with her, in the absence of an agreement with the appellee, who owned the equity of redemption, get any right to have the receiver retained over the objection of the appellee.

The appellant further urges that the court below improperly overruled his application for a continuance. From the record it appears that when this application was made the court had overruled appellant's exceptions to appellee's answer to his petition for the continuance of the receiver, and we can not see how the appellant was prejudiced by the court proceeding to make its order discharging the receiver, as that properly followed its ruling on the exceptions to the answer.

Finding no error in the order of the court below, made in this case, which is appealed from, we affirm it. Order affirmed.