THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* AN-
DREW CANT *et al.*—(JACOB GLOS, Appellant.)

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. TAXES—*rule as to sale of land for taxes does not apply to
decree to foreclose tax lien.* Sections 202 and 206 of the Revenue
act, requiring the county treasurer, in selling land for taxes, to
sell to the person who will pay the amount due with the least
percentage as penalty, do not apply to a sale under a decree fore-
closing a tax lien on property which has been forfeited to the
State for non-payment of taxes for two or more years.

2. SAME—*foreclosure of tax lien follows same procedure as the
foreclosure of other liens.* Under the statute enlarging the juris-
diction of a court of equity to include the foreclosure of tax liens,
the jurisdiction is to be exercised, except as otherwise provided
by law, to the same extent and in the same manner as in the en-

260 — 32

forcement of other liens in equity, and it is proper to decree a sale, for cash, to the highest bidder.

3. SAME—*defendant has a right, before bids are made, to pay full amount of decree against lots.* While sections 162 and 189 of the Revenue act have no application to a proceeding in equity to foreclose a tax lien on property forfeited to the State, yet a defendant having an interest in the lots has a right, before any bids are made, to pay the full amount of the decree against any of such lots and thereby discharge the lien and prevent a sale, but he is not entitled, in the exercise of such right, to pay a part, only, of the amount of the decree against any particular lot.

4. SAME—*when formal tender of amount due is unnecessary.* If a person interested in certain lots against which a decree foreclosing tax liens has been entered has the money with him at the sale, and offers, in general terms, to pay the full amount due on such lots, a formal tender of the exact amount due is unnecessary, where the officer in charge of the sale testifies that he would not have accepted a formal tender had one been made, as he had been instructed by the county attorney not to do so.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

JOHN R. O'CONNOR, for appellant.

CARL R. CHINDBLOM, County Attorney, and WILLIAM F. STRUCKMANN, (WILLIAM A. ADAMS, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The People of the State of Illinois filed a bill in the circuit court of Cook county to foreclose the lien for taxes upon certain lots which had been forfeited to the State for the non-payment of such taxes for two or more years. Jacob Glos and many other persons were made defendants upon the allegation that they had, or claimed to have, some interest in the lots. Glos answered, stating that he held a lien upon the premises derived from a sale thereof for the non-payment of taxes and special assessments, giving no particulars in regard to such lien or sale but averring that

his lien was not subject to that of the complainant. A decree was rendered finding certain amounts to be due and to be first liens upon the respective lots, and ordering the county treasurer, in default of payment within three days, to sell the lots at public auction, for cash, to the highest bidder. The lots having been sold, the county treasurer filed his report of the sale and Jacob Glos objected to the report. The sale produced a surplus over the amount of. the taxes and costs, and Herbert W. Butler, one of the defendants, by leave of court filed a petition for the purpose of obtaining the surplus on the sale of certain lots which he claimed to own. Glos answered the petition. Butler excepted to the answer, and these exceptions are still undetermined. Glos' objections were overruled, the sale was approved, and Glos appealed from the order to the Appellate Court for the First District, which ordered the appeal transferred to this court, the revenue being involved and the State interested.

The first proposition advanced by the appellant is, that the county treasurer was not authorized to sell the premises for more than enough to pay the amount due thereon; and the second, that the premises should have been offered for sale to the person who would pay the amount due for the least percentage as penalty. These propositions are founded upon sections 202 and 206 of the Revenue law. Those sections do not apply to a sale under a decree of foreclosure. The Revenue act of 1872 originally provided, by sections 191 to 208, for an application to the county court for judgment for taxes and a sale under such judgment by the county collector. This was the only method of selling land for taxes, and the sections mentioned referred only to this proceeding. Authority to foreclose the tax lien in equity was given in 1881 by an amendment of section 253 which contained no procedural directions, except that the same notice and right of redemption as were then required by law, and conformity with sections 4 and 5

of article 9 of the constitution, were required. The statute enlarged the jurisdiction of equity so as to include the foreclosure of tax liens. That jurisdiction is to be exercised, except as otherwise provided by law, to the same extent and in the same manner as in the enforcement of other liens in equity, and it was substantially so held in *Clark* v. *Zaleski,* 253 Ill. 63. The usual practice in enforcing liens is to decree a sale, for cash, to the highest bidder. This was done here, and it was no ground of objection to the sale that the county treasurer followed the decree.

Glos attended the sale, and when certain of the lots were offered for sale he offered to pay the taxes, penalties, interest and costs due on them, respectively. Of certain other lots he offered to make the like payment on an undivided tenth. The treasurer disregarded these offers and proceeded to sell all the lots. On the part of the appellee it is insisted that no legal tender of payment was made. It is admitted, however, that Glos offered to make payment and had money there for that purpose, and also had money deposited with the treasurer for the purpose of covering his bids at sales for taxes. No specific sum was tendered as the amount due on any lot, but the offer was to pay, in general terms, the amount due. The deputy treasurer who made the sale testified that he did not know the amount due on any lot, and even if the precise amount due on any particular lot had been offered he would have had to take time to ascertain what the amount was, and he would not have accepted it in any event, having been instructed by the county attorney not to receive any money from any person but to go on with the sale. Under these circumstances a tender of the precise sum due would have been useless and was not required.

The appellant insists that he was entitled to pay the taxes due by virtue of section 189 of the Revenue act and to pay on an undivided interest by virtue of section 162.

As has already been said, the method of collection of taxes by foreclosure in equity is according to the usual practice in equity. This remedy has been provided in cases where real estate has been forfeited to the State for non-payment of taxes for two or more years, and the rights of the parties to a decree rendered in such a case are the same as in other similar decrees except where changed by statute. Sections 189 and 162 have no application to such decrees. The appellant had no right to make payments upon the decree by virtue of those sections, but upon general principles of equity he had a right, at any time before a bid was made, to pay the amount of the decree against his property or the amount decreed against any part of it, and thus discharge the lien and prevent the sale. He could not, however, in the exercise of his right, pay a part of the amount, but was obliged to pay the whole amount of the decree against any particular lot.

The court erred in overruling the objection to the sale because of the county treasurer's refusal to accept payment of the full amount of taxes, penalties, interest and costs on certain specified lots, so far as the evidence sustains the objection.

Included in the objection, as a part of it, is an affidavit of the appellant as to the offers made in regard to various lots. The certificate of evidence shows that the deputy who conducted the sale, and the appellant, were examined as witnesses on the hearing of the objection and no other evidence was offered. The affidavit, therefore, cannot be regarded as evidence.

It appears from the evidence that an offer of full payment was made by the appellant as to lots 3 and 4, block 7, and lots 21, 22, 25 and 26, block 20, in the town of Norwood Park, and as to sub-lots 1, 3 and 6 of Winship & Baker's re-subdivision of lots 20 to 32, block 9, in the town of Norwood Park, and as to these lots the objection to the sale should have been sustained. As to the other lots the

order of the circuit court will be affirmed and as to the lots above described it will be reversed and the cause remanded to the circuit court, with directions to sustain the appellant's ninth objection to the sale.

·    *Reversed in part and remanded, with directions.*