People of the State of Illinois, Appellee, v. Rose Antinori et al., Defendants. Charles Ross, Appellant.

Gen. No. 41,019.

Opinion filed July 2, 1940.

MAURICE L. ZARETSKY, of Chicago, for appellant.

THOMAS J. COURTNEY, State's Attorney, for appellee; MARSHALL V. KEARNEY, JACOB SHAMBERG, JOHN T. FITZGERALD, LOUIS A. PINDERSKI and BRENDAN Q. O'BRIEN, Assistant State's Attorneys, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

Charles Ross, appealing, questions the ruling of the trial court which refused him leave to file his petition

in which he attacked the action of the county treasurer in refusing to accept his bids at a tax foreclosure sale.

The foreclosure proceedings were pursuant to §§ 238–252 of the Revenue Act of Illinois as amended, ch. 120, pars. 719–733, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 119.735–119.749], and the decree of foreclosure and sale was entered June 29, 1939. Ross was not a party to these proceedings.

The petition alleged that the sale was conducted by the county treasurer through his representative, Edward Bicek; that the petitioner through his counsel attended the sale and made the highest and best bids for the following parcels of real estate: Parcel No. 2, $3,150; parcel 12, $1,350; parcel 14, $6,250. The petition alleges that these parcels were sold to petitioner, who offered Bicek cashier's checks as follows: $350 for parcel 2, $150 for parcel 12, and $750 for parcel 14; that Bicek refused to accept these unless the full amounts of petitioner's bids were paid then and there.

In *People v. Cant*, 260 Ill. 497, 500, the court held that the usual practice in the foreclosing of tax liens under the Revenue Act was to decree a sale for cash to the highest bidder. The decree of foreclosure in the instant case ordered the county treasurer to sell the parcels of real estate at public auction for cash. The publication of the notice of sale stated that the sale should be for cash and chapter 120 (Illinois Revenue Act) § 247 [Jones Ill. Stats. Ann. 119.744] provides that sales in foreclosures for delinquent taxes shall be for cash. The petitioner contends that he was entitled to withhold the balance of his bids until after the confirmation of the sale by the court. This would be unreasonable. A "cash" sale means payment in full at the time, in currency or its equivalent. The county treasurer could not under the terms of the decree accept a bid with partial payment on account and a promise to pay the balance at some future time. The decree contemplates that the sale shall be, in fact, accomplished before the

county treasurer submits his report of sale to the court.

The petition filed did not present any issue to be tried by the court and the refusal to permit it to be filed was proper and the order is affirmed.

*Order affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.