(No. 25750.

LOLA M. FRENCH, Appellee, *vs.* JOHN TOMAN, County Collector, *et al.* Appellants.

*Opinion filed Dec. 12, 1940—Rehearing denied February 12, 1941.*

390

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, KAREL E. RADA, and BRENDAN Q. O'BRIEN, of counsel,) for appellants.

SCOTT, MACLEISH & FALK, (ROBERT S. CUSHMAN, and JOHN J. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The appellee, Lola M. French, had title to certain property involved in a tax foreclosure proceeding. Her title had

been acquired after April 1, 1937, when the 1937 taxes became a lien. The question in this case is whether, after a foreclosure and sale of this real estate for delinquent taxes, penalties, costs and printers' fees, at less than the amount due, and after redemption by the appellee, the premises are still liable for the amount not realized at the sale. The issues arose through a complaint filed by her in the superior court of Cook county for an injunction to restrain the county treasurer and *ex officio* collector from collecting or attempting to collect any part of the taxes for the delinquent years, and to restrain the county clerk from extending any part thereof, and a motion of appellants to dismiss for want of equity, which was denied by the chancellor. A decree *pro confesso* permanently enjoining appellants as prayed, was entered, and this appeal followed.

The facts are not in dispute. The foreclosure decree, on account of delinquent taxes for the years 1927 to 1937, both inclusive, was entered on September 8, 1939. It found the total amount due was $7466.47. The collector sold the premises pursuant to the decree to George P. Snyder for $2200, and gave him a certificate of purchase. This was afterward assigned to Laura Murphy. Appellee redeemed from the sale on December 15, 1939. Prior to April 1, 1937, she was not in possession of the property and had no interest therein. The foreclosure decree found she did not assume or agree to pay the taxes and was not personally liable for any part thereof. There is nothing to show, and appellants do not claim, there was any collusion between appellee and Snyder.

Appellants claim that under section 216 of the Revenue act of 1939 (Ill. Rev. Stat. 1939, chap. 120, par. 697) the amount not realized at the foreclosure sale remains a lien on the premises until the same are paid in full. The invoked portions of the section read: "The taxes upon real property, together with all penalties, interests and costs, that may accrue thereon, shall be a prior and first lien on such

real property, superior to all other liens and incumbrances, from and including the first day of April in the year in which the taxes are levied until the same are paid; * * * In proceedings to foreclose the tax lien on any real property, * * * the amount due on the collector's books against the said property shall be *prima facie* evidence of the amount of taxes against the said real property." They further claim that the lien for that part of the taxes not realized at a foreclosure sale is revived by the owner's redemption from such sale, and that, therefore, appellee's complaint did not state a cause of action.

In *People* v. *Cant*, 260 Ill. 497, it was held that the amendment of 1881 to section 253 of the Revenue act (now section 216) enlarged the jurisdiction of equity so as to include the foreclosure of tax liens, and it was said: "That jurisdiction is to be exercised, except as otherwise provided by law, to the same extent and in the same manner as in the enforcement of other liens in equity, and it was substantially so held in *Clark* v. *Zaleski*, 253 Ill. 63." Appellants argue that the provision in section 216 that taxes shall remain a lien until paid, is such an exception otherwise provided by law as is mentioned in *People* v. *Cant, supra*. This contention is answered by our holding in the *Clark case, supra*, as follows: "The theory of the law is, that a sale under such forecosure is made in full satisfaction of all previous tax liens and encumbrances, and that the purchaser will not be required to pay or discharge any liens or encumbrances above the amount of his bid. It would be absurd to say that a purchaser under such sale would take the land subject to all prior tax liens. If this were true, there would be no advantage in foreclosing such liens over a purchase for the full amount due at an ordinary tax sale." It is to be noted that the sale is not required to be for the full amount of the lien, but that the price at which the property sells is governed by the ordinary rules of foreclosure. We have repeatedly held that the foreclosure in equity of a lien

extinguishes it, discharges the premises therefrom, and the purchaser takes the property free from a lien for the unpaid portion of the amount due. (*Seligman* v. *Laubheimer,* 58 Ill. 124; *Ogle* v. *Koerner,* 140 id. 170; *Lightcap* v. *Bradley,* 186 id. 510; *Strause* v. *Dutch,* 250 id. 326.) Even the failure of the purchaser to take a deed after the redemption period has expired does not reinstate the lien. (*Lightcap* v. *Bradley,* supra.) The words "until paid," in section 216, refer not only to a payment of the full amount of the taxes, but must be held to include the amount paid at a foreclosure sale in satisfaction of the lien. The evident purpose of the statute is to make the taxes a lien superior to all other liens, without regard to priority in point of time, and to continue such lien without limitation of time until the taxes are paid or the lien discharged by a foreclosure as provided by law. Any other construction would be strained, illogical and contrary to the cases above cited. Cases cited by appellants where a decree expressly reserved a lien for a portion of the debt not yet matured, and cases holding the owner of an unmatured note may redeem from a sale on account of a matured note, secured by the same mortgage, the same as a junior mortgagee, have no application here. Expressions in other cases cited by appellants, to the effect that a tax sale extinguishes the lien if the property brings the amount of the taxes, were not used in foreclosure cases and are not in point.

Appellee was given the right to redeem by section 5 of article 9 of the constitution and section 216 of the Revenue act. (Ill. Rev. Stat. 1939, chap. 120, par. 697.) When she paid the amount of the sale, with interest, the sale and certificate were void. *Ogle* v. *Koerner, supra; Seligman* v. *Laubheimer, supra.*

The reason that a foreclosure and sale extinguish the lien is that, under the long-settled policy of the law, the cause of action is merged in the foreclosure and sale. All rights and liabilities growing out of the lien are transferred

to the decree, which becomes the basis of title. The debt is merged in the decree, and all liabilities growing out of the encumbrance are fixed by the decree and are to be enforced through its provisions. The lien has expended its force. It is *functus officio.* By the sale, a new relation is created, not depending in any way upon privity of contract between the debtor and the purchaser. Even though a mortgagee, if personal service has been had upon the debtor, may have a deficiency decree for the balance due, the deficiency decree or judgment is not based upon the lien of the mortgage, but upon the personal liability of the debtor to pay the debt. It is not a lien under the mortgage and the creditor stands upon the same footing as any other judgment creditor of the mortgagor, with the same means of enforcing his deficiency decree or judgment. *Rawson* v. *Bethesda Baptist Church,* 221 Ill. 216; *Lightcap* v. *Bradley, supra; Strause* v. *Dutch, supra.*

Inasmuch as the sale extinguished the lien, and the redemption voided the sale and the certificate, the decisive question is whether the redemption revived the lien. The record does not show how appellee acquired title, but since it shows she is the sole owner, and acquired title after the taxes became a lien, her position is that of a grantee from the one who owned the property when the taxes were assessed. A junior encumbrancer, who redeems from a foreclosure sale, takes free from any lien for the unpaid portion of the debt not realized by the sale. (*Seligman* v. *Laubheimer, supra; Ogle* v. *Koerner, supra.*) The rights and obligations of a grantee and a junior encumbrancer who redeem are the same. (*Seligman* v. *Laubheimer, supra.*) The reason for this is that each redeems for his own benefit and not because of any relation with the party primarily liable for the debt. There is no logical ground for distinguishing between them. It follows, that if redemption by a junior mortgagee does not revive the lien of a prior encumbrance, a redemption by a grantee of the lien debtor will not do so. In *Ogle* v. *Koerner, supra,* it is

said: "When the redemption is made by a party primarily liable on the mortgage debt, it may be that the same property may be resorted to again for the purpose of subjecting it to the payment of an unpaid balance due on the mortgage, but that is not because of any right to enforce the mortgage lien against the same property a second time, but because of the rule of law which subjects all the property of a debtor to the payment of his debts until they are satisfied in full. But where the redemption is made by a party not liable upon the mortgage debt, the mortgage lien having been exhausted, the property cannot be subjected a second time to the satisfaction of the same lien. The party redeeming does so for his own benefit, and the holders of the senior mortgage having, by the sale, become entire strangers to the property, are in no position to derive any advantage from the redemption." This is in accord with our holding as to deficiency decrees in *Strause* v. *Dutch, supra.*

It is of no consequence that because the redemption voided the sale, appellee still has the same title as before the foreclosure. She is not a person primarily liable for the debt. Her position is that of a grantee from the former owner. She redeemed in an independent position from that of the former owner and for her own benefit, and her title is free from the lien of the taxes.

There is another good reason for this holding. Appellants predicate their claim upon the proposition that the redemption revives the lien. Manifestly, a lien once extinguished, ceases to exist unless and until it is revived. The statute provides that a redemption voids the sale, but there is no statute in this State which provides for reviving the extinguished tax lien. If it is revived, the only source of the revival is the Redemption statute, which appellants insist has that effect. The statute makes no mention of a revival. The whole revenue system is statutory, and it is well settled that tax liens exist only by reason of positive statutory enactments. While the right to raise revenue is

inherent in every government, yet, in all constitutional governments like ours, this right is regulated by law, and can only be exercised in the manner and for the purposes specified in the constitution and the statutes of this State. (*Binkert* v. *Wabash Railway Co.* 98 Ill. 205.) There is nothing within the Redemption statute which expressly, or even by necessary implication, can be said to include revival of a lien. Revenue laws should be given a liberal and reasonable construction (*Strause v. Dutch, supra; People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33;) but, in case of doubt, they must be construed strictly against the government and in favor of the taxpayer, and will not be extended by implication. (*Peoples Gas Light and Coke Co.* v. *Ames,* 359 Ill. 152; *Majestic Household Utilities Corp.* v. *Stratton,* 353 id. 86.) Further, we cannot insert a provision into a statute not placed there by the General Assembly.

The argument that to allow a taxpayer to default and later redeem for a smaller amount is unfair to the State and other taxpayers does not apply to this case. Appellee was not the taxpayer when the taxes were assessed. The significant fact is that the legislature has not provided that the tax lien be revived where one who owns the property when the taxes were assessed conveys to another, and the grantee redeems from a tax foreclosure sale.

Cases cited by appellants from other jurisdictions where the statute is not like ours, and in States where the policy of the law is that a foreclosure sale does not extinguish the lien, and cases where a judgment debtor or some one acting in his behalf redeems, are readily distinguishable and are not persuasive in this case. Appellants cite no decision of this court which upholds their contention that a redemption by a party not primarily liable revives the lien as to the unpaid balance.

The decree of the superior court is affirmed.

*Decree affirmed.*