(No. 29099.—

THE PEOPLE OF THE STATE OF ILLINOIS, *vs.* R. W. THAIN *et al.*—(MARSHALL S. HOWARD, Appellant, *vs.* MICHAEL FLYNN, County Clerk, Appellee.)

*Opinion filed January 23, 1946—Rehearing denied March 14, 1946.*

Owen N. Price, and Marshall S. Howard, both of Chicago, for appellant.

William J. Tuohy, State's Attorney, (Jacob Shamberg, Gordon B. Nash, and Julia M. Hagerty, of counsel,) all of Chicago, for appellee.

Mr. Justice Murphy delivered the opinion of the court:

A decree entered by the circuit court of Cook county in a tax foreclosure action on November 5, 1942, fixed the amount of tax penalties, interest and costs due on a certain tract of land for the years 1932-1940, inclusive. Pursuant to the decree, the county treasurer and *ex-officio* county collector gave notice and sold the premises at public vendue on December 2, 1942. Appellant, Marshall S. Howard, was the highest bidder and a certificate of purchase was issued to him. It contained a statement that if there was no redemption, the owner of the certificate would be entitled to a deed on December 3, 1944. The period of two years thus allowed for redemption was in accord with section 5 of article IX of the constitution,

and section 253 of the Revenue Act of 1939. (Ill. Rev. Stat. 1939, chap. 120, par. 734.) The collector's report of sale was approved by court order on February 19, 1943.

The taxes on the land for 1941 became delinquent and on February 15, 1943, the property was forfeited to the State. Likewise, the taxes for 1942 were not paid and the premises were forfeited to the State on February 21, 1944. On February 2, 1945, appellant redeemed the forfeitures for the years 1941 and 1942. Thereafter, he filed a petition in the original foreclosure action praying that the court direct the county clerk to issue him a deed on his purchase of December 2, 1942. The county clerk resisted the granting of the petition on the ground that under the provisions of section 254 of the Revenue Act of 1939 (Ill. Rev. Stat. 1939, chap. 120, par. 735,) the forfeitures of the premises to the State for the taxes of 1941 and 1942 had extended the period of redemption. The prayer of the petition was denied and this appeal followed.

The decision of the questions presented involves the construction and application of section 254 of the Revenue Act of 1939. The same section is carried as paragraph 735 of the revenue chapter in the Revised Statutes of 1945. The pertinent parts are: "If any purchaser of real estate sold for taxes or special assessments shall suffer the same to be forfeited to the State, or again sold for taxes or special assessments, * * * before the expiration of the last day of the second annual sale thereafter, such purchaser shall not be entitled to a deed for such real property until the expiration of a like term from the date of the second sale, forfeiture or withdrawal, during which time the land shall be subject to redemption upon the terms and conditions prescribed in this Act."

The language of the section indicates an intent to provide that when real estate is sold for the nonpayment of taxes, the purchaser at such sale has a duty of seeing that the taxes are paid and that the premises are not again sold

for taxes or forfeited to the State or offered for sale and withdrawal for lack of bidders. If, before the expiration of the last day of the second annual sale following the first sale, the taxes become delinquent and the property is sold a second time or is forfeited to the State or is offered for sale and withdrawn for lack of bidders, then in either event the period of redemption is extended for another two years. The statute provides that the extension of two years shall extend from the day of the second sale, forfeiture or withdrawal. In the instant case, the forfeiture to the State for the taxes of 1941 occurred February 15, 1943, which was "before the expiration of the last day of the second annual sale" following the sale of December 2, 1942, at which appellant became the purchaser. This extended the period of redemption two years, from February 15, 1943, to February 15, 1945. The forfeiture to the State for the 1942 taxes did not occur until February 21, 1944, and was not within the statute for it does not appear that it was "before the expiration of the last day of the second annual sale" following the sale of December 2, 1942. It occurred within the period of redemption but not within the time specified by statute, so that the forfeiture to the State for the 1942 taxes can not serve as a starting point for the extended redemption period.

Section 254 of the 1939 Revenue Act is a re-enactment of section 211 of the Revenue Act of 1872. In *People* v. *Banks,* 294 Ill. 464, this court construed section 211 and applied it to a state of facts similar to the facts in this case. In that case, as in the present one, there was a foreclosure of a tax lien by decree in equity and the appellant therein held a certificate of purchase on a sale which occurred August 31, 1909. A second sale was held under a second foreclosure proceeding on January 18, 1912, which date the opinion states "was after the expiration of the last day of the second annual sale for delinquent taxes that took place after said first sale and under which

appellant holds his first certificate of sale." It was further stated that the record showed the premises had been forfeited to the State for taxes and special assessments for the year 1910. The question was as to whether the extended redemption period started on the date of the second sale, January 18, 1912, or the date of forfeiture to the State of the 1910 taxes. It was said: "It will be noticed that by section 211 the extension of the time of redemption to two years dates from the second sale or forfeiture 'before the expiration of the last day of the second annual sale.' Within the meaning of that section the time to redeem from the sale of August 31, 1909, under which appellant held his first certificate of purchase, was extended two years after forfeiture to the State for taxes and special assessments in the year 1910, as that forfeiture occurred before the expiration of the last day of the second annual sale for taxes and special assessments after the sale of August 31, 1909, and was the 'second sale or forfeiture' within the meaning of section 211. Owners or parties interested were therefore required to redeem the land within two years from the forfeiture of the land to the State in 1910, and not within two years from the second sale of January 18, 1912, as contended for by appellant." That case is controlling here on the construction and application of section 254.

Appellant filed his petition for a deed before the expiration of the extended redemption period, that is, February 15, 1945. Even though the extended period for redemption expired before a hearing was had on the petition, it does not afford appellant a basis for relief, for the reason that under section 263 of the Revenue Act of 1939 (par. 744,) a purchaser at a tax sale is required to give notice of his application for a deed to certain parties interested in the land. It requires that such notice be served at least three months before the expiration of the redemption period and that it shall, among other things,

contain a statement as to when the time of redemption will expire. The notices which appellant caused to be given stated that the period of redemption expired December 2, 1944, instead of February 15, 1945, and, therefore, the notices were not in compliance with the statute in that regard.

Appellant contends that in a tax foreclosure proceeding in a court of equity, the court has complete equitable jurisdiction to fix the terms of the sale and redemption therefrom, subject only that the redemption period shall meet the requirements of section 5 of article IX of the constitution, that an owner of real estate shall be allowed two years after a sale within which to redeem his property. In support of such contention, appellant cites *Clark* v. *Zaleski*, 253 Ill. 63, wherein reference was made to the general powers of a court of equity to retain jurisdiction for the entering of auxiliary orders necessary to give effect to its former decree. It was there said that on principle there was no reason why the general rule should not apply to proceedings to foreclose a lien for taxes. Appellant also refers to *People* v. *Cant*, 260 Ill. 497, where reference was made to the authority of the county collector to sell for more than enough to pay the amount due as taxes. The further claim was made that the property should have been sold for the least percentage bid as a penalty. It was held that these contentions were based upon requirements of other provisions of the Revenue Act and were not applicable to a foreclosure of tax liens in a court of equity. In *French* v. *Toman*, 375 Ill. 389, the question was as to whether the sale was required to be for the full amount of the lien. It was said that the sale was not required to be for the full amount of the lien but that the price at which the property sold was governed by the ordinary rules of foreclosure. *People* v. *Anderson*, 380 Ill. 158, and *Schreiber* v. *County of Cook*, 388 Ill. 297, are also cited by appellant in support of his conten-

tion. It will be noted that none of the cases cited deals with questions relating to the period of redemption, nor do they deal with any subject which would involve the application of a general equitable principle to the exclusion of some provision of the Revenue Act.

In *People* v. *Biggins,* 96 Ill. 481, it was held that a tax lien was created by statute and since the statute which created it did not confer power upon a court of equity to foreclose the lien, such court had no jurisdiction in the matter. At the first session of the General Assembly following the decision of the *Biggins case,* section 253 was amended, so that a tax "lien may be foreclosed in equity in any court of competent jurisdiction." The same provision is now found in section 216 of the Revenue Act of 1939. This provision gave a court of equity power to foreclose a tax lien in the manner provided by the Revenue Act. It did not vest the court with power to disregard the provision of the statute which regulates the length of the period of the right of redemption. If appellant's contention was sustained, it would mean that the period of redemption expired at the end of the two-year period following the date of sale. To so hold would ignore the provisions of section 254 and cut off the owner's extended period of redemption allowed by that section where the taxes accruing after the first sale had become delinquent and there has been a resale or a forfeiture to the State or a withdrawal from sale. There is nothing in the statute that indicates that the legislature intended that the grant of power to foreclose a tax lien should include the power to regulate the right of redemption. The cases relied upon by appellant are not in point.

For the reasons stated, we hold that the provisions of section 254 of the Revenue Act of 1939 are applicable and controlling in this case and that appellant was not entitled to a deed or the benefits prayed for in his petition.

*Decree affirmed.*