THE CITY OF CHICAGO, Plaintiff-Appellee, v. RUSSELL J. NEHER, Defendant-Appellant.

(No. 55476;

First District—March 28, 1972.

Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago, (William M. Freivogel and Julian C. D'Esposito, Jr., of counsel,) for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Thomas J. Cachor, Assistants Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

Chicago, like most of the world's municipalities, has an ordinance which requires a motor vehicle that uses the city's streets to have on its windshield a "city sticker," defined in the law as "a sticker license emblem." It is an offense, punishable by a fine, for any person to operate a motor vehicle on the public ways of the city without first having complied with the ordinance.

On April 29, 1970, at about 9:45 A.M., defendant Russell J. Neher was operating a self-propelled crane easterly on Chicago Avenue. The crane was owned by his employer, Donald B. MacNeal, Incorporated, a company that rents cranes. The crane was never used to transport either property or persons. Its housing and boom had never been disattached. If the frame were separated from the crane, the rest of the vehicle would not be usable. The crane was an off-the-road type of equipment. It was capable of being moved from job site to job site. How frequent depended on the job: "[s]ometimes once in six months, sometimes once a year, sometimes three times a week." Whenever it was moved in Chicago, a permit was obtained for which a fee of $10 was paid. On the day in question, and after paying for a permit, defendant's employer had ordered the crane moved from the company yard to the Moody Bible Institute to erect air-conditioning equipment on top of a building.

At or near Chicago Avenue and Franklin Street, Neher was stopped by a Chicago policeman because "I did not observe any City sticker on the truck and I took him into the station and had him post bond for failing—for not purchasing a City vehicle license for a truck." Defendant was charged with violating Chicago Municipal Code 1968, ch. 29, pars. 29—5 and 29—17 which regulate the issuance of wheel tax licenses. After a bench trial at which the officer, Neher and the manager of defendant's employer testified, the trial judge ruled that "I find it [the self-propelled crane] is used as a truck to transport the crane and therefore it should be licensed * * *." Defendant was fined $15. In this appeal the issue is whether Chicago Municipal Code 1968, ch. 29, pars. 29—1 and 29—17, require a city vehicle sticker for a self-propelled crane.

Defendant, urging that it does not, contends that a self-propelled crane is not a truck nor is it a vehicle which the Chicago City Council intended to license and tax by the Wheel Tax Ordinance. Therefore, defendant insists, the trial judge erred in finding that the crane in question was a truck and that it had to have a city sticker. Accordingly, defendant concludes, the judgment must be reversed.

Plaintiff, urging that it does, contends that a self-propelled crane is within the classification, "motor truck"; and because the ordinance pro-

vides that "[a]ll equipment mounted on wheels for transportation and attached to any motor vehicle * * * using the public ways of the city, shall be licensed hereunder as trailers," the trial judge did not err in his findings. Accordingly, plaintiff concludes, the judgment must be affirmed. These contentions require us to construe Chicago Municipal Code, 1968, ch. 29, pars. 29—1 and 29—17.

■■ This ordinance is a revenue law. Although it requires the payment of an annual license fee, it imposes a tax. Issuance of the license to the owner of a taxed vehicle is, in effect, the giving of a receipt for the annual tax which the owner has paid. (*City of Chicago v. Hastings Express Co.*, 369 Ill. 610, 616, 17 N.E.2d 576.) Although it broadly defines a motor vehicle "[a]s any vehicle propelled otherwise than by the muscular power of man or animal, except such as run on rails or tracks," the ordinance does not tax all motor vehicles. Section 29—5 which contains the taxing provisions, includes vehicles which are taxed and excludes some that are not. For example, those owned by disabled veterans, buses owned by schools and churches and municipally owned vehicles are not taxed. Taxed are horse-drawn vehicles or wagons, motor bicycles or tricycles, passenger automobiles, motor trucks, tractor-semi-trailer units, motor buses and trailers. A self-propelled crane is not named as a taxed vehicle. The question, then, is whether a self-propelled crane is a truck, or as plaintiff now argues, a trailer.

Webster defines a truck as a "[w]heeled vehicle used for moving heavy articles * * * a strong cart or wagon used for hauling * * * an automotive vehicle built for the transportation of goods on its own chassis * * *." A trailer, he tells us, is "[a] vehicle or one in a succession of vehicles hauled usually by some other vehicle * * *." Webster's Third New International Dictionary (Unabridged 1966). The motor vehicle law, in force at the time, defined a truck as "[e]very motor vehicle designed, used or maintained primarily for the transportation of property." By the same statute, a trailer was a "[v]ehicle with or without motive power, * * * designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." (Ill. Rev. Stat. 1969, ch. 95½, pars. 1—183, 1—185.) The crane in this case was never used to transport persons or property. It was not being towed. Under a permit, when defendant was arrested, it was being moved from a yard to a job site. Its use of the public way was only incidental. Thus, under Illinois law, it was a kind of special mobile equipment. See Ill. Rev. Stat. 1969, ch. 95½, par. 1—170.

In 1950, the Secretary of State inquired of the Attorney General of Illinois concerning the statutory registration requirements of "[a] half

track type vehicle with a crane &ast; &ast; &ast; used solely for the purpose of doing excavation work &ast; &ast; &ast;." It was the conclusion of the Attorney General "[t]hat the excavating machinery permanently mounted on the vehicle is not to be classified as 'freight' within the meaning and intent of Paragraph 2, *supra*. It is therefore my opinion that if the vehicle you describe is used solely as one complete and inseparable unit for the purpose of doing excavating work and in connection therewith it uses the highways to travel from one place of work to another but does not transport goods or freight, it is not subject to the registration provisions of the Motor Vehicle Act." 1950 Ill. Att'y. Gen. Op. 132 [No. 144, June 13, 1950; see 1950 Ill. Att'y. Gen. Op. 135 [No. 146, June 13, 1950]. In 1959, the State's Attorney for Pike County asked the Attorney General "[w]hether or not it is necessary to register permanently mounted equipment such as mobile truck cranes &ast; &ast; &ast;." He replied, "[t]he vehicles you described are not 'designed or used primarily for the transportation of persons or property' &ast; &ast; &ast; and in fact are specifically included within the definition of 'special mobile equipment' noted [in Illinois Revised Statutes, 1957, chapter 95½, Paragraph 1-170]. I, therefore, conclude and am of the opinion that it is unnecessary to register [under the Motor Vehicle Law] the equipment you describe." 1959 Ill. Att'y. Gen. Op. 41 [No. 554, February 3, 1959]. From these sources, it is our judgment that a self-propelled crane is neither a truck nor a trailer. At best, it is doubtful that a self-propelled crane is subject to the Chicago Wheel Tax Ordinance, the revenue law we construe.

■■■ This being so, we are bound by the principle that revenue laws should be given liberal and reasonable construction, but in case of doubt they must be construed strictly against the government and may not be extended by implication. (*People v. Rockford Silver Plate Co.*, 388 Ill. 534, 539, 58 N.E.2d 599; compare *Oscar L. Paris Company v. Lyons*, 8 Ill.2d 590, 134 N.E.2d 755.) Plaintiff's contentions were they to prevail, would require us to insert into an ordinance a definition which it does not contain. In construing a law, we cannot put into it a provision not placed there by the enacting authority, in this case the Chicago City Council. (*French v. Toman*, 375 Ill. 389, 396, 31 N.E.2d 801.) Neither could the trial judge. For these reasons, it was error for him to find that the self-propelled crane in question was a truck and that it had to have a city sticker. The judgment is reversed.

Judgment reversed.

STAMOS, P. J., and SCHWARTZ, J., concur.