404

(No. 66763.—

*In re* APPLICATION OF EDWARD J. ROSEWELL,
County Treasurer and Ex-Officio County Collector
(Edward J. Rosewell, Appellant, v. Park Place In-
vestments *et al.*, Appellees.—American National
Bank and Trust Company of Chicago *et al.*, Appel-
lees, v. Edward J. Rosewell *et al.*, Appellants).

*Opinion filed March 29, 1989.*

WARD, CLARK and CALVO, JJ., took no part.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Deputy State's Attorney, and Mark R. Davis and Catherine Quirk Delahunt, Assistant State's Attorneys, of counsel), for appellants.

Richard D. Glickman, of Chicago, for appellees Park Place Investments *et al.*

James E. O'Neal, of Chicago, for appellee Central Corporation of Illinois.

Robert E. Birkmeyer, of Chicago, for appellee Baktax Associates.

Holleb & Coff, of Chicago, for appellee Wholesale Electrical Distributors, Inc.

Richard L. Hoffman, of Chicago, for appellees Cosmopolitan National Bank of Chicago *et al.*

Bruce M. Buyer and Friedman & Rochester, Ltd., both of Chicago, for appellees American National Bank & Trust Company of Chicago *et al.*

JUSTICE RYAN delivered the opinion of the court:

The appellees (Owners/Objectors) in this appeal are parties who hold various interests in tax delinquent realty located in Cook County. In 1980 and 1983, appellant, the Cook County treasurer (Treasurer), sold the Owners/Objectors' parcels in accordance with section 235a of the Revenue Act of 1939, which allows the Treasurer to sell properties that are five or more years delinquent in the

payment of real estate taxes. (Ill. Rev. Stat. 1987, ch. 120, par. 716a.) None of the purchasers of the Owners/ Objectors' properties, however, secured tax deeds within the prescribed statutory time limit. As a result, the Treasurer contended that the county's tax liens which existed when the properties were previously sold were still enforceable against these parcels. The Treasurer then sought to enforce these liens in August 1987, by applying to the circuit court of Cook County for a judgment and order of sale. The Owners/Objectors brought several different actions to halt the sale. The circuit court consolidated the actions and ruled in favor of the Owners/Objectors, holding that the Treasurer's prior sales extinguished the county's tax liens and therefore the present sale could not take place.

We granted the Treasurer's motion for a direct appeal under our Rule 302(b) (107 Ill. 2d R. 302(b)). We affirm the circuit court's ruling.

Section 235a of the Revenue Act of 1939, commonly known as the Scavenger Act, allows a county treasurer, acting as county collector, to conduct a sale of properties which are tax delinquent for five or more years. (Ill. Rev. Stat. 1987, ch. 120, par. 716a.) The county treasurer sells each parcel to the highest bidder; the bid need not be the total amount of taxes due. The sale is confirmed by the circuit court and the successful bidder receives a tax sale certificate. The bidder must then petition the court for a tax deed within certain statutory time limits, and if the owner does not redeem the premises, then a deed will be issued. The owner may redeem by paying to the county clerk the total amount of taxes due plus penalties (unless a single-family residence was sold, then redemption need only be in the amount bid). (Ill. Rev. Stat. 1987, ch. 120, par. 734.) Confirmation of a sale under the Scavenger Act does not affect the own-

er's personal liability for the taxes. Ill. Rev. Stat. 1987, ch. 120, par. 716a.

In the case before us, the Treasurer sold each of the parcels in question at either the 1980 or 1983 scavenger sale. The sales were confirmed by the court. The owners did not redeem. The purchasers at the sale did not petition for or receive tax deeds. The Treasurer, in his application for the 1987 sale, attempted to include these properties, listing the taxes due for which the parcels had been sold at the two previous sales as part of the county's current tax liens. Pursuant to section 235a, the Treasurer petitioned the circuit court for a judgment and order of sale. The trial judge initially entered an order in favor of the Treasurer, but upon further consideration, reversed and ruled for the Owners/Objectors in all the consolidated causes. An order was entered halting the sale of all properties listed in the 1987 sale application pending the outcome of this appeal.

In stopping the sale, the trial judge relied upon a provision of section 235a, which reads:

> "Upon confirmation, a sale pursuant to this Section shall extinguish the in rem lien of the general taxes, special taxes and special assessments for which judgment has been entered and a redemption shall not revive the lien. Confirmation of the sale shall in no event affect the owner's personal liability to pay the taxes, interest and penalties as provided in this Act ***." (Ill. Rev. Stat. 1987, ch. 120, par. 716a.)

The trial judge stated: "I believe that that language [in section 235a] is crystal clear that the confirmation is the operative action here, that the lien is extinguished, and that the property gets a fresh start ***." The Treasurer contends, however, that section 235a must be read in concert with section 271 of the Revenue Act, which states, in part:

"Unless the holder of the certificate for real estate purchased at any tax sale under this Act takes out the deed in the time provided by law, and files the same for record within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, from and after the expiration of such one year, be absolutely null and void with no right to reimbursement." (Ill. Rev. Stat. 1987, ch. 120, par. 752.)

The Treasurer argues that because the 1980 and 1983 certificates of sale of those parcels lapsed when no purchaser petitioned for and received a tax deed, the sales became "absolutely null and void" under section 271, negating the extinguishment of the lien provided for by section 235a. The issue, therefore, is whether the *in rem* lien extinguished by the scavenger sale and confirmation under section 235a may be resurrected by operation of section 271 when the certificates of sale lapse and no deed is issued.

Enacted in 1943, the Scavenger Act is one of several statutes that aid counties in solving the problem of property tax delinquencies. (See Lawlor, *Real Property Tax Delinquency and the Rehabilitation of Multi-Family Housing Stock in Chicago, Illinois: The Role of the Collection Provisions of the Illinois Revenue Act*, 26 De Paul L. Rev. 1 (1976).) It is a remedy designed to clean up a "hopeless tax delinquency muddle." (*Schreiber v. County of Cook* (1944), 388 Ill. 297, 305.) A legislative device of last resort, the Scavenger Act is used when other available methods of tax collection are exhausted. (*In re Application of Rosewell* (1983), 97 Ill. 2d 434, 442-43.) Although a revenue statute, its primary goal is not collection of revenue, but rather encouraging the return of chronically tax delinquent parcels to a tax-revenue-producing status. *Rosewell*, 97 Ill. 2d at 442.

Nevertheless, because the Scavenger Act is a revenue statute, it should be strictly construed against the gov-

ernment. (*People ex rel. Ramey v. Gulf, Mobile & Ohio R.R. Co.* (1958), 15 Ill. 2d 126, 129; *People ex rel. Hempen v. Baltimore & Ohio R.R. Co.* (1942), 379 Ill. 543, 549.) Accordingly, the language of the act must not be extended or enlarged by implication beyond its clear import. (*First National Bank v. Department of Revenue* (1981), 85 Ill. 2d 84, 88.) If there is a reasonable doubt as to the meaning of a provision of the Scavenger Act, the doubt should be resolved in favor of the taxpayer. (See 3A A. Sutherland, Statutory Construction §66.01 (4th ed. 1986).) In interpreting a statute that enforces a tax lien by selling the taxpayer's property, the general policy is to favor the property owner's rights. (3A A. Sutherland, Statutory Construction §66.08 (4th ed. 1986).) This is in harmony with the accepted rule that statutory liens be strictly construed. 53 C.J.S. *Liens* §9 (1987).

Construing section 235a, we note that by explicit language, the statute appears to extinguish the county's *in rem* tax lien upon court confirmation of a scavenger sale. The Treasurer contends, however, that section 235a must be read together with section 271, and that the failure of the purchasers to acquire a deed nullifies the sale. The Treasurer argues that the scavenger sales here became "absolutely null and void" under section 271 and thus the lien "conditionally extinguished" under section 235a is retroactively revived by section 271. We find that this course of reasoning ignores the straightforward language of section 271. Section 271 specifically provides that "*from and after* the expiration of such one year" the sale shall be void. (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 120, par. 752.) There is no indication that the legislature intended section 271 to act retroactively. Indeed, the "from and after" language of this section seemingly voids the sale certificate upon the statutory expiration date for recording a tax deed. A court should

not adopt a construction which renders language in a statute superfluous. (*In re Application of Rosewell* (1987), 117 Ill. 2d 479, 486.) If we were to embrace the Treasurer's reasoning, we would disregard the phrase "from and after" in section 271. Furthermore, reading section 235a and section 271 in this manner would ignore all the precepts of statutory interpretation that resolve doubts or ambiguities against the government. Consequently, we conclude that the *in rem* tax liens at issue here were extinguished upon confirmation of the scavenger sales, and are not retroactively revived by operation of section 271.

Further support for this conclusion is found in analogous case law. We find *French v. Toman* (1940), 375 Ill. 389, a tax foreclosure case, persuasive. In *French*, the court said:

> "We have repeatedly held that the foreclosure in equity of a lien extinguishes it, discharges the premises therefrom, and the purchaser takes the property free from a lien for the unpaid portion of the amount due. [Citations.] Even the failure of the purchaser to take a deed after the redemption period has expired does not reinstate the lien. [Citation.]" *French*, 375 Ill. at 392-93.

Accord *People v. Rockford Silver Plate Co.* (1944), 388 Ill. 534, 540.

*French* was cited with approval by the court in *Schreiber v. County of Cook* (1944), 388 Ill. 297. The *Schreiber* court, in upholding the newly enacted Scavenger Act against a constitutional challenge, held:

> "The sale of land to satisfy a tax lien is an extinguishment of the lien, which becomes merged in the title purchased. Therefore it is neither a release nor a commutation. A release is a discharge by voluntary act. An extinguishment of a lien is a discharge by operation of law. A judicial sale of property under a decree or judgment of court for what it will bring, although it be less than the amount of the taxes delinquent against it, can-

not be said to be a commutation of taxes within the meaning of the constitution. [Citation.] *** The foreclosure sale extinguished the lien of the decree. [Citations.] Section 235a does nothing more than to provide an alternative remedy, more economical but just as effective as foreclosure, for cleaning up the tax delinquency." *Schreiber*, 388 Ill. at 306.

A scavenger sale under section 235a, like a tax foreclosure sale, extinguishes the county's *in rem* tax lien. When the court confirms the sale, the county's lien is extinguished, and a new lien arises by operation of law in favor of the purchaser. The purchaser may enforce his lien by petitioning for and receiving a tax deed within the prescribed time limit. If the purchaser fails to procure the tax deed, then his lien is also discharged by operation of law when the statutory period expires. At that point, the property is free of these liens, with title vested in the original owner. The owner is still personally liable for the remaining tax deficiency (Ill. Rev. Stat. 1987, ch. 120, par. 716a), and the county can bring an action to collect on this personal obligation (Ill. Rev. Stat. 1987, ch. 120, par. 756).

Another analogy can be drawn from the law of mortgage foreclosures. When a mortgagee enforces his lien through a foreclosure sale, the lien is extinguished, as the court in *Ogle v. Koerner* (1892), 140 Ill. 170, stated:

"A mortgage, or as in this case, a deed of trust in the nature of a mortgage, vests in the party secured a lien upon the mortgaged premises. By virtue of that lien the mortgagee is entitled to have the mortgaged property sold under a decree of foreclosure and the proceeds of the sale applied to the payment of the debt secured. This is the mode provided by law for the enforcement of the lien, and when the lien has been once enforced by the sale of the property, it has, as to such property, expended its force and accomplished its purpose, and the property is no longer subject to it." *Ogle*, 140 Ill. at 179.

Accord *Johnson v. Zahn* (1942), 380 Ill. 320, 324-25; 59 C.J.S. *Mortgages* §§212e, 521 (1949).

In another mortgage foreclosure case, *Lightcap v. Bradley* (1900), 186 Ill. 510, this court said:

> "The sale of premises under a decree of foreclosure, where the decree does not expressly save any right to resort to the land again, is an absolute discharge of the premises from the lien. In the absence of a provision for another sale the premises will be discharged, even from unmatured portions of the debt. [Citation.] Such a sale is a sale of the land and of all interests, both that which the mortgagor had at the execution of the mortgage and the interest of the mortgagee and other parties to the suit. It is made by the court as vendor, and a sale discharges the land from the lien and transforms it into the statutory lien by the certificate of purchase. ***
>
>             * * *
>
> *** The certificate of purchase does not transfer title, but only assures to the purchaser a conveyance of the legal title if the premises are not redeemed. If the certificate of purchase becomes null and void by virtue of the Statute of Limitations, or otherwise, so that the premises are freed from the lien, the mortgagor is then the absolute owner. The lien of the mortgage and the title of the mortgagee cease by operation of law when the debt or obligation is barred by the Statute of Limitations. [Citation.] And there is no difference, in principle, where the limitation runs against the new lien in the form of a certificate of purchase." (*Lightcap*, 186 Ill. at 526-32.)

In *Lightcap*, this court held that a foreclosure purchaser's failure to take out a deed did not revive the mortgagee's lien upon the property. The failure to secure a deed, however, did extinguish the purchaser's lien which the sale certificate represents. We see little analytical difference between the mortgage lien in *Lightcap* and the tax liens here. In *Lightcap*, no express provision in the foreclosure decree reserved any right to resell the once-foreclosed land. Similarly, there is no statute within

the Revenue Act which allows the revival of the tax liens previously sold at a scavenger sale. Once extinguished by section 235a, the tax liens are no longer present and cannot be enforced by the county via a subsequent sale.

For the reasons stated above, we affirm the ruling of the trial court with respect to the properties that were previously sold at the 1980 and 1983 scavenger sales. Because the trial judge halted the sale of all the parcels in the Treasurer's 1987 application, we must remand this cause to the circuit court of Cook County with instructions to proceed with the Treasurer's application regarding the properties not previously sold.

*Affirmed and remanded.*

WARD, CLARK and CALVO, JJ., took no part in the consideration or decision of this case.