NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2011[*]
Decided July 8, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 11-1201

| | |
|---|---|
| DENNIS D. BALLINGER, SR.,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 10-1229 |
| TIMOTHY F. GEITHNER,<br>Secretary of the United States<br>Department of Treasury,<br>    *Defendant-Appellee.* | Michael M. Mihm,<br>*Judge.* |

**O R D E R**

In this wrongful-levy action under 26 U.S.C. § 7426, Dennis Ballinger, Sr., seeks to enjoin the Internal Revenue Service from foreclosing liens recorded on his property in Galesburg, Illinois, to satisfy the previous owners' federal tax liability. Alternatively, he seeks a larger slice of the sale proceeds than the IRS thinks he is entitled to. He appeals from

---

[*]The parties have waived oral argument, and thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

a district court order denying him relief. Because Ballinger acquired the property subject to valid federal tax liens, we affirm.

According to the parties' stipulated facts, the parcel's previous owners failed to pay their 2003 real estate taxes in Illinois. The next year at a county tax sale, Ballinger (a real estate businessman) bought the rights to the tax payments, *see* ILCS 200/21-205; *see generally In re Smith*, 614 F.3d 654, 656 (7th Cir. 2010) (outlining Illinois tax-sale procedure), and received a certificate of purchase for $2,686.14. Such a certificate does not convey title to a parcel, but it may enable a taxbuyer like Ballinger to acquire title later by petitioning for a tax deed if the owners fail to redeem the property by paying back the certificate amount, plus interest, penalties, and any subsequent taxes paid by the taxbuyer during the redemption period. *Smith*, 614 F.3d at 656. The owners never redeemed their property, so Ballinger moved to receive his tax deed and, after the motion was granted in September 2007, he recorded the deed in August 2008. Since acquiring the tax certificate in 2004, he had paid the property taxes assessed by the county; he alleges that the amount exceeded $35,000.

The previous owners had also owed money to the IRS. When Ballinger bought the tax certificate in 2004, the parcel was already subject to two recorded federal tax liens totaling nearly $70,000. And before Ballinger recorded his tax deed in August 2008, the IRS recorded three additional liens—exceeding $110,000—on the property. Although the five federal liens were properly recorded more than 30 days before he recorded the tax deed, Ballinger evidently never discovered them through a title search. He first learned of the federal government's interest in the parcel in 2010, when the IRS informed him that it would force a sale of the property to pay off the federal taxes. The parties agree (and so we have no need to question) that by this time it was too late under Illinois's 5-year statute of limitations, 735 ILCS 5/13-205, for Ballinger to void the tax sale and recoup his payments under the sale-in-error law, 35 ILCS 200/21-310(b)(3).

Seeking another remedy, Ballinger turned to federal court to claim that his 2004 tax certificate invalidated all the federal liens. Alternatively, he makes the more limited claim that the property taxes he paid after 2004 created liens superior to the federal liens, and thus he is entitled to recoup that amount from any foreclosure sale proceeds. The district court disagreed on both counts, concluding that the IRS's liens were never extinguished, and that the agency could seize and sell the parcel to pay the outstanding federal taxes before Ballinger could receive any surplus proceeds, except that Ballinger was first entitled to $2,686.14—the amount he paid for the tax certificate. (The IRS does not challenge Ballinger's right to the $2,686.14.)

On appeal, Ballinger contends that 26 U.S.C. § 6321 invalidates the federal tax liens, but he is incorrect. Section 6321(b)(6)(A) provides that a federal tax lien "shall not be valid" against a state tax lien if state law prioritizes state tax liens over other security interests. And Illinois law does prioritize property-tax liens over other interests. *See* 35 ILCS 200/21-75. But § 6321's "shall not be valid" language does not mean that Ballinger's liens, if he has any, extinguish federal liens; rather, that language merely prioritizes local liens over federal ones at a forced sale. The Internal Revenue Code contains a separate provision, 26 U.S.C. § 7425, that dictates when federal tax liens are extinguished. As relevant here, § 7425(b)(1) provides that property-tax sales occur "subject to and without disturbing such [federal] lien or title," if (1) the IRS recorded its interest more than 30 days before the sale, and (2) the IRS was not properly notified of the sale 25 days in advance; otherwise, says § 7425(b)(2), the property-tax sale extinguishes the federal liens. (The date of "the sale" is the date the purchaser records the tax deed. *See Smith*, 614 F.3d at 659; 28 C.F.R. § 301.7425-2(b); 35 ILCS 200/22-60.) Thus, only § 7425(b)(2) sets the means of extinguishing federal tax liens. *See Russell v. United States*, 551 F.3d 1174, 1179 (10th Cir. 2008) ("Section 7425(b) of the Internal Revenue Code dictates the method for discharging a tax lien when the underlying property is sold.") (quoting *Sec. Pac. Mortg. Corp. v. Choate*, 897 F.2d 1057, 1058 (10th Cir. 1990)); *Orme v. United States*, 269 F.3d 991, 994 (9th Cir. 2001) (explaining that, in § 7425(b), "Congress has spoken clearly on the divestiture of federal tax liens in sales of property.").

Here, the parties agree that the IRS did not receive notice of the sale (that is, the recording of the tax deed) 25 days before the sale occurred. Moreover, the IRS recorded its liens long before August 2008, when Ballinger recorded title. Thus, the five federal liens all survived the tax sale, allowing the IRS to foreclose them.

This brings us to Ballinger's fallback argument: Even if the federal liens survived the tax sale, his share of the new sale proceeds should nonetheless include the property taxes that he paid on the parcel after he got his certificate and before he recorded his deed. He stakes this contention on the assumption that he holds liens in that amount. Yet Ballinger never specifies the legal source of these liens or why he thinks they survive his acquisition of a tax deed. With his certificate of purchase, Ballinger extinguished the county's property-tax lien, and he then acquired an interest in obtaining a tax deed—an interest that Illinois law characterizes as a lien in his favor. *See* 35 ILCS 200/21-240; *In re Application of Rosewell*, 537 N.E.2d 762, 765 (Ill. 1989). Later, Ballinger enforced that lien by petitioning for and acquiring the tax deed, *see Rosewell*, 537 N.E.2d at 765, and in doing so, he extinguished that lien as well as any other liens he held, *see In re Cook Cnty. Treasurer*, 542 N.E.2d 15, 19 (Ill. App. Ct. 1989); *see also In re Cnty. Treasurer and ex Officio Cnty. Collector*, 869 N.E.2d 1065, 1076 (Ill. App. Ct. 2007) ("[A]ny prior lien on a property becomes void upon issuance of a tax deed."). Accordingly, Ballinger now has no liens on the property for the additional real estate taxes that he paid. (These principles may also suggest that, by virtue of his acquiring the

tax deed, Ballinger did not even have a surviving lien for the price of the certificate ($2,686.14), but the IRS did not cross-appeal to raise that contention, and we may not consider enlarging its victory without one. *See Greenlaw v. United States*, 554 U.S. 237, 244-45 (2008); *El Paso Natural Gas Co. v. Neztsosie*, 526 U.S. 473, 479 (1999); *American Bottom Conservancy v. U.S. Army Corps of Eng'rs*, --- F.3d ---, ---, 2011 WL 2314757, at *7 (7th Cir. June 14, 2011); *Chase Manhattan Mortg. Corp. v. Moore*, 446 F.3d 725, 728 (7th Cir. 2006).)

Ballinger also invokes principles of equity, but they do not help him either. He cites one federal Court of Appeals decision awarding a taxbuyer reimbursement from the IRS for property taxes that he paid after acquiring a certificate of purchase, *United States v. Varani*, 780 F.2d 1296, 1305 (6th Cir. 1986). But in that case, unlike here, the taxbuyer never acquired valid title to the property for which he nonetheless paid taxes. Based on Michigan's laws of equity, that taxbuyer was permitted to recoup the property taxes that he paid. Here, by contrast, Ballinger validly acquired title; furthermore, Ballinger, a sophisticated real estate dealer, bought the tax certificate and acquired the tax deed subject to the earlier-recorded federal liens. He could have easily discovered the earlier-recorded federal liens through a diligent title search and given the IRS proper notice to protect his interests. Michigan's equitable principles, even if controlling here, would not rescue Ballinger from a problem of his own making.

The judgment of the district court is **AFFIRMED**.